[No. 8,144. Department One.—April 29, 1884.]

## GEORGE S. LOCKE, RESPONDENT, *v.* J. D. PETERS, APPELLANT.

PLEADING—DEMURRER TO PART OF A COMPLAINT.—A demurrer must be directed to the whole of a pleading or to a particular and separate count or statement of a cause of action or defense.

EJECTMENT—MESNE PROFITS—DAMAGES.—Neither damages nor rents and profits can be recovered in an action of ejectment, unless there is a judgment for the recovery of possession.

EJECTMENT to recover possession of lands in San Joaquin County. The complaint, in addition to the demand for possession, averred that the rents and profits of the premises during the time of the withholding were worth $1,500, and "that by reason of said withholding plaintiff has been damaged in the sum of $1,500." The prayer was for restoration of possession and $1,500 damages. The answer contained general denials, and also special averments of defendant's right to possession under a lease from plaintiff's grantor. The plaintiff demurred "to all of defendant's answer which occurs after line four, page two, on the ground that the same does not state facts sufficient to constitute a defense." The demurrer was sustained. The case was tried by a jury. The verdict and judgment are recited in the opinion, which states all other necessary facts.

*D. S. Terry*, and *S. L. Terry*, for Appellant.

*Byers & Elliott*, for Respondent.

McKINSTRY, J.— If (as alleged in the amended answer), all the right, title, or interest of plaintiff to the demanded premises was acquired from the Lodi mill and warehouse company, after the execution and registration of the five years' lease by that

company to Ellis, the entry of Ellis thereunder, and the occupation of defendant with the consent and approval of Ellis and the company, these facts would have been admissible under the denials of the averments of the complaint contained in the amended answer.

The term of the lease was five years from March 30, 1880, and the present ejectment was brought January 3, 1881, and was tried on or prior to the 14th day of October, 1881.

If the demurrer of the plaintiff had been addressed to a separate count or defense in the answer, which alleged the facts above mentioned, we would not reverse the judgment because of the order sustaining the demurrer, since the facts might have been proved under the denials. But the demurrer is to "all of defendant's amended answer, which occurs after line four, page two." The amended answer in the transcript is not numbered as to lines or pages. A demurrer must be directed to the whole of a pleading, or to a particular and separate count, or statement of a cause of action or defense.

The verdict was: "We, the jury in the above-entitled cause, find for plaintiff in the sum of $500." Even if it should be conceded that the verdict passed upon the issues made by the pleadings, the *judgment* was erroneous and must be reversed. The judgment was: "Wherefore, . . . . it is ordered, adjudged, and decreed that said plaintiff do have and recover from said defendant the sum of $500 damages, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of $90.45."

This is no adjudication of the plaintiff's right of possession, or with reference to the *ouster*, or as to defendant's alleged withholding of the possession.

The verdict and judgment for $500 were intended to be either for "rents and profits" or for "damages for withholding." The plaintiff was authorized to unite a claim to recover specific real property with a claim for damages for withholding thereof, and for rents and profits of the same. (Code Civ. Proc. § 427.) Whatever may be the difference between the two claims last mentioned, they are to be treated as in nature of an alleged *trespass for mesne profits*, which can be recovered only after or contemporaneously with a judgment for recovery of the pos

sion of the demanded premises. When united with the eject-ment, judgment for such damages can be rendered only when there is also a judgment for recovery of the possession.

Judgment reversed and cause remanded for a new trial.

McKEE, J., and Ross, J., concurred.

Hearing in Bank denied.