[No. 9168. Department Two. — January 19, 1886.]

JOHN   HAGELY,   RESPONDENT,   v.   CHRISTINA
HAGELY, APPELLANT.

PLEADING — SEPARATE DEFENSES — DEMURRER. — An objection to an answer
on the ground that separate defenses are not separately stated cannot be
taken by demurrer. The defect can only be reached by a motion to
strike out, or by some other appropriate proceeding.

ID. — AMENDED ANSWER — WAIVER. — When separate defenses are set up
in an answer, and a demurrer is sustained to one or more of them, an
amended answer subsequently filed operates as a waiver of error as to
such defenses as are pleaded anew, but not as to defenses to which the
demurrer was sustained, and which are not again pleaded.

ID. — STATUTE OF LIMITATIONS — PLEA OF — REFERENCE TO SECTION OF CODE
— EVIDENCE. — In an action to recover the possession of land, a plea of
the statute of limitations in the form prescribed by the Code of Civil
Procedure, and referring to section 318 as a bar to the action, is sufficient,
and entitles the defendant to give in evidence every essential fact tend-
ing to establish the defense of the statute.

APPEAL from a judgment of the Superior Court of
Napa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Spencer & Henning*, for Appellant.

*Joy & Ham*, and *J. N. Young*, for Respondent.

SEARLS, C.—This is an action of ejectment, to recover
land situate in the county of Napa. Plaintiff had judg-
ment, from which, and from an order denying a new
trial, defendant appeals.

The amended answer of defendant sets up several sepa-
rate defenses. A demurrer was interposed thereto by
plaintiff, which was sustained by the court to the second
cause of defense in such answer, and the ruling is as-
signed as error.

The portion of the answer at which the demurrer was
aimed, and to which it was sustained, averred that plain-
tiff's cause of action was barred by the statute of limita-
tions, to wit, by the provisions of sections 318 and 319,

and subdivision 3 of section 323, of the Code of Civil
Procedure of the state of California; and then proceeds
to state that defendant and plaintiff for many years
lived and cohabited together as man and wife; that chil-
dren were born to them; that the land in question was
purchased with the funds of defendant for the benefit of
herself and children; that a deed was taken therefor in
the name of plaintiff; and other facts tending to show
that plaintiff held the title in trust for defendant.

At least two separate defenses were contained in this
portion of the answer, which were not separately stated.

This, however, is not one of the causes for which a
demurrer to an answer may be interposed (Code Civ.
Proc., sec. 444); such a defect can only be reached by
motion to strike out or by some other appropriate pro-
ceeding.

Some of its allegations are also subject to the charge
of being ambiguous, unintelligible, and uncertain in this,
that it is left uncertain thereby whether defendant in-
tended to set forth the facts as a plea of the statute of
limitations, or as an equitable defense to plaintiff's cause
of action.

The demurrer was properly sustained.

It is proper to state, also, that subsequent to the order
sustaining the demurrer, defendant filed an amended
answer, in which she interposed the plea of the statute
of limitations.

Her counsel insists in their brief that the facts set out
in the defense demurred to were stated as a plea of the
statute of limitations.

If this be true, the subsequent amended answer, set-
ting up substantially the same defense, was a waiver of
the error, if any, in sustaining the demurrer.

Where separate defenses are set up in an answer, and
a demurrer is sustained to one or more of such defenses,
and the defendant subsequently files an amended answer,
it will amount to a waiver of error as to such defenses as

are pleaded anew in such amended answer, but not as to defenses to which the demurrer was sustained, and which are not again pleaded in the amended pleading.

In other words, it is not the new pleading which operates as a waiver, but the pleading anew of the same defense.

It is but just to counsel for appellant to state that they claim, and may be correct in their assumption, that the answer subsequently filed is but an engrossed copy of the previous answer, with the portions to which the demurrer had been interposed eliminated.

As this question cannot alter the conclusion hereafter reached, or impair the rights of appellant, we have preferred to treat the answer filed March 23, 1883, as an amended answer.

At the trial, plaintiff introduced in evidence a patent from the government of the United States to one Charles H. Fitch, deeds of conveyance from Fitch to Joseph Reed and from Reed to himself, and a stipulation admitting defendant in possession, and thereupon rested his cause, whereupon the defendant, for the purpose of sustaining the issues on her part, as made by the pleadings, took the stand as a witness in her own behalf, and offered to prove and show in evidence by herself and other witnesses that she had been continuously since June 8, 1872, in the open, notorious, and exclusive and continued adverse possession of the premises in dispute, claiming the same as her own as against the plaintiff and all the world, and during said time had the same inclosed by a substantial fence; that a greater portion thereof had been during all of said time cultivated; that she had paid all taxes assessed thereon,—and in short, all the facts necessary to constitute an adverse possession.

Plaintiff objected to the introduction of the evidence on the ground that it was incompetent, irrelevant, and not responsive to the issues, and because defendant had only set up a claim of adverse possession in her answer

founded upon a written instrument, etc., and therefore cannot prove an adverse possession not founded upon such written instrument, etc. The court sustained the objection, and excluded the testimony.

The offer of defendant was made in various forms, and a like ruling was had and exceptions taken, but the above sufficiently explains the real question involved.

The amended answer sets up as a defense that plaintiff's cause of action is barred by the provisions of section 318 of the Code of Civil Procedure of the state of California.

It then, as another and separate defense, sets out that the cause of action is barred by section 319, and in like manner pleads as a bar section 323, and in like manner subdivision 1 of section 323, and also subdivision 3 of section 323 of the same code, all of which are severally stated as separate defenses in the manner provided by section 458, Code of Civil Procedure, for pleading the bar of the statute.

Section 318 of the Code of Civil Procedure was properly pleaded in bar of plaintiff's right to recover.

It provides that "no action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action."

Under this plea, defendant was entitled to introduce in evidence any and all testimony tending to establish her right under the statute.

It is true that defendant also pleaded section 319 of the Code of Civil Procedure as a bar to the action.

This last section has no application to actions to recover possession of real estate, but applies to personal actions founded upon the title to real property, as actions to recover rent, damage to real property, etc. (*Richardson* v. *Williamson*, 24 Cal. 290; *Bissell* v. *Henshaw*, 1 Saw. 559.)

She likewise pleaded section 323 of the same code, and the first and third subdivisions of the same section.

Section 323 simply defines what, for the purpose of constituting adverse possession, shall be deemed possession by one claiming title founded upon a written instrument, etc.

It relates to the character of evidence necessary under the given circumstances to sustain an adverse possession, —relates to testimony by which a right to possession under section 318 may be sustained, but does not in itself define the consequences to follow the adverse possession. It need not be pleaded, but like the payment of taxes provided for by the proviso to section 325, and any other facts going to show an adverse holding, may be given in evidence under the general plea by reference to section 318. Section 323 was also separately referred to in the answer as a bar to the action.

This did not, however, in any way impair the plea of the statute by reference to section 318, or limit the right of defendant to introduce all proper evidence under the last-mentioned defense.

The allegations and proofs must correspond. (*Maynard* v. *F. F. Insurance Co.*, 34 Cal. 48.)

But under section 458 of the Code of Civil Procedure giving the right to plead the statute of limitations by referring to the section prescribing the time within which an action may be brought, the reference to the section when thus made stands in lieu of, and warrants the proof of, every essential fact, precisely as though set out in full in the answer.

It follows that the court below erred in excluding the proffered evidence, and that the judgment and order appealed from should be reversed and a new trial granted.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.