[Civ. No. 1167.    Second Appellate District.—December 30, 1912.]

## DAN PITZEL, Respondent, v. MAIER BREWING COMPANY, Appellant.

ACTION TO RECOVER MONEY PAID BY MISTAKE—ISSUES OF FACT—GROUND OF SPECIAL DEMURRER—TRIAL OF ISSUES.—In an action to recover money paid by mistake, in which by the denials in the answer, issues were taken upon the material allegations of the complaint, which were sufficiently clear and free from ambiguity or uncertainty, it is held that, although there were grounds of special demurrer to the answer, which, even if they were sustained, there still would remain sufficient in the answer to entitle the defendants to require the plaintiff to make proof on the trial of his statements.

ID.—EFFECT OF SUSTAINING SPECIAL DEMURRER—ORDER STRIKING OUT. Where a pleading contains sufficient to make a good cause of action or a good defense, the effect of sustaining a special demurrer

thereto is no different than that which results when a motion to strike out has been granted. Where such demurrer is sustained, and the party fails to amend, that portion of the pleading so demurred to will be taken out of view for the purposes of the trial, and be deemed to have been stricken out.

ID.—EXPLANATION BY SUPREME COURT ON ORDER DENYING REHEARING.— The supreme court, in its order denying a rehearing, quotes the foregoing syllabus, and holds that it "is considered correct, if the term 'special demurrer' be limited to a demurrer to some *particular detached portion* of the answer, as, for instance, if a demurrer be limited to a counterclaim set up in the answer, the answer also denying the allegations of the complaint, the sustaining of the demurrer and failure to amend, could not affect the remainder of the answer."

ID.—INSUFFICIENT COUNTERCLAIM ON NOTE SECURED BY "DEED OF TRUST." Where a counterclaim on a note secured by a "deed of trust," which is past due and unpaid, does not set forth the nature and terms of such security, or of the contract by which the note is secured, or whether the instrument so denominated, conveyed title to a trustee with power of sale, or whether it was in such terms as to require an action of foreclosure to be brought, the counterclaim, upon such note is insufficient. In order that facts may be sufficient to constitute a good cause of action on such counterclaim, it must be made to appear that the contract of security was such as to relieve the creditor from the obligation of exhausting his security before pursuing a personal action, which does not appear; and a demurrer to such counterclaim should be sustained.

ID.—INSUFFICIENT OTHER CAUSES OF COUNTERCLAIM NOT SEPARATELY STATED—DEMURRER.—Where a second alleged counterclaim contained the statement of several causes of counterclaim, one for goods, wares, and merchandise sold, one for rents, and for money loaned and advanced, these causes of counterclaim should have been separately stated, and that objection was properly raised by the demurrer thereto, under section 444 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Mott & Dillon, and G. C. O'Connell, for Appellant.

C. F. Culver, for Respondent.

JAMES, J.—Plaintiff brought this action to recover a large sum of money alleged to have been paid to defendant through

mistake. The cause of action as alleged rested upon a certain written contract which in the part most material to the alleged right of recovery referred to the purchase by plaintiff from defendant of beer. In this contract it was agreed that beer sold by defendant to plaintiff should be at the prevailing market price, whereas plaintiff alleged that he had paid the sum of eight dollars per barrel for the beer when in fact the market price was seven dollars per barrel, and that he made settlement at the rate of eight dollars per barrel through misapprehension and because of lack of information as to the market price of beer, which he alleged was peculiarly within the knowledge of defendant. He further set up that, after an open account had been running for some time, on the first day of June, 1909, a statement was rendered showing a balance due defendant of $5,459.05, that settlement thereof was made, and that the whole of the amount of difference between the market price of the beer and the price actually paid was the sum of six thousand two hundred dollars. Defendant made answer to the complaint, which contained specific denials of all of the material allegations thereof. As to the market price of beer, plaintiff, in his complaint alleged that such market price was the sum of seven dollars per barrel and no more, and defendant in its denials denied that the market price was the sum of seven dollars. Plaintiff by his allegation admitted that the market price was the full sum of seven dollars per barrel and the denial of defendant was sufficient to put plaintiff upon proof as to his allegation that the market price was no more than seven dollars per barrel. However, after making denials in the form mentioned, defendant alleged that divers settlements had been made between the parties since on or about the first day of May, 1907, at which times it had been mutually agreed that the price of eight dollars per barrel was the market price of beer and that settlements were made accordingly. It was also alleged in the answer that plaintiff at the time said accounts were adjusted and settled well knew that the price of eight dollars per barrel was the market price of beer. The plea was also made that the statute of limitations had interposed to bar plaintiff's cause of action, and statement of two counterclaims was then made, one for an alleged indebtedness in the sum of six thousand dollars

which had been secured by a deed of trust, the second being a claim for the sum of $1,092 for "goods, wares and merchandise sold and delivered to said plaintiff by said defendant, and for rents of the premises described in the contract and lease set forth in the complaint and for sums of money loaned by defendant to plaintiff, and for sums of money advanced and paid by defendant to and for the use and benefit of plaintiff." To this answer plaintiff specially demurred, first, on the ground that the counterclaims were improperly joined and that the several causes of defense and counterclaim were not separately stated, and that the answer was uncertain in that it could not be told when the various alleged accountings had been made, or what real property was given as security for the deed of trust, or when or in what manner plaintiff became indebted to defendant in the sum of $1,092. The further grounds of demurrer were made that in neither of the counterclaims was there alleged facts sufficient to constitute a cause of action. The court made a general order sustaining the demurrer, and defendant failing to amend its answer, judgment was taken against it by default, and this appeal followed.

By the denials contained in the answer of defendant, issue was made of the material facts alleged in plaintiff's complaint, and these issues were raised by denials which were sufficiently clear, and free from ambiguity or uncertainty. The defense that at various times settlements had been made and the market price of beer agreed upon between the parties, we think was sufficiently definite and certain; at least, it was as complete in its statement of particulars as the allegations contained in the complaint referring to transactions had between the parties as to the purchase of beer and settlement made therefor. The grounds of plaintiff's demurrer to the answer were those provided by the code as special causes of demurrer, and even though all of such grounds should be held to have been properly taken, still there would remain sufficient in the answer to entitle defendant to require plaintiff to make proof on trial of his allegations. Where a pleading contains sufficient to make a good cause of action or a good defense, the effect of sustaining a special demurrer thereto is no different than that which results where a motion to strike out has been granted. Where such a demurrer

is sustained and the party affected fails to amend, then the portions of the pleading so specially demurred to will be taken out of view for the purposes of trial and be deemed to have been stricken out. However, the order sustaining a special demurrer should be specific in pointing out what portions of the pleading are to be affected by it. (*Jones* v. *Iverson,* 131 Cal. 101, [63 Pac. 135].) The decision in the case of *San Francisco Paving Co.* v. *Fairfield,* 134 Cal. 220, [66 Pac. 255], cited by respondent, does not, in our opinion, make any different statement of the law than that contained in the case first cited. We are of the opinion that both of the alleged counterclaims were properly subject to objections raised by the demurrer.

In the first cause of counterclaim it was alleged that plaintiff and his wife executed in favor of defendant their promissory note for the principal sum of six thousand dollars, payment of which had been secured by a "deed of trust of certain real property in the city of Los Angeles," and which note was past due and had not been paid. By these allegations it appeared that real property had been made holden as security for the payment of this debt. It was alleged that the form in which security was given was by deed of trust, but the nature of the contract was not set forth. Where real property is charged as security for the payment of a debt, it is so charged ordinarily by a contract of mortgage. Whether the instrument denominated by defendant a "trust-deed" conveyed title to a trustee with power of sale, or whether it was such in terms as to require an action of foreclosure to be brought in order to have subjected the security to the discharge of the debt, cannot be told from the allegations of the answer. If the latter action would be required to be resorted to in case of default in payment of the promissory note, then the counterclaim could not be set up in this action. (Code Civ. Proc., sec. 726.) Therefore, in order that facts sufficient to constitute a good cause of counterclaim be set up it should have been made to appear that the contract of security was such as to relieve the creditor from the obligation of exhausting his security before pursuing a personal action. As the supreme court has intimated in the case of *Kraft Co.* v. *Bryan,* 140 Cal. 73, [73 Pac. 745], even though a contract for security of this nature lacks the es-

sentials of a mortgage, still the engagements of the parties may be such as expressed in the terms of their contract— call it a trust-deed or what not—as to entitle the debtor to insist that the creditor shall first resort to the security in obtaining satisfaction of the debt. The demurrer on the general ground to this alleged cause of counterclaim we think should be sustained. The second alleged counterclaim contained the statement of several causes of counterclaim, one for goods, wares, and merchandise sold, one for rents, and one for money loaned and advanced. These causes should have been separately stated, and that objection was properly raised by the demurrer. (Code Civ. Proc., sec. 444.)

The judgment is reversed, with direction to the trial court to overrule the demurrer to defendant's answer, except as to the alleged causes of counterclaim set up in said answer and as to which to sustain the demurrer of plaintiff.

Allen, P. J. and Shaw, J. concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1913, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in this court after decision by the district court of appeal of the second district is denied. In denying such petition we deem it proper to say that we consider the following portion of the opinion, viz.: ''Where a pleading contains sufficient to make a good cause of action or a good defense, the effect of sustaining a special demurrer thereto is no different than that which results where a motion to strike out has been granted. Where such a demurrer is sustained and the party affected fails to amend, then the portions of the pleading so specially demurred to will be taken out of view for the purposes of trial and be deemed to have been stricken out,'' correct, if the term ''special demurrer'' be limited to a demurrer to some *particular detached portion* of the answer, as for instance, if a demurrer be limited to a counterclaim set up in the answer, the answer also denying the allegations of the complaint, the sustaining of the demurrer and failure to

amend would not affect the remainder of the answer. The opinion and judgment show that the term "special demurrer" was used in this limited sense in the opinion.