Clausells, Apelado, *v.* Ramírez, Apelante.

Apelación procedente de la Corte de Distrito de Ponce.

No. 949.—Resuelto en junio 25, 1913.

Alegaciones Enmendadas — Excepciones Previas — Alegación de Prescripción,—La contestación a la demanda en la parte relativa a la alegación de prescripción fué enmendada tres veces en virtud de haber sido excepcionada

y declarada con lugar la excepción previa. En el acto del juicio el demandado solicitó permiso para insertar de nuevo en la contestación la defensa de prescripción que quedó eliminada en virtud de la excepción previa interpuesta contra ella y declarada con lugar, cuyo permiso fué denegado por la corte. Se resolvió:

1. Que el hecho de enmendar una contestación después de haber sido excepcionada y de haberse declarado con lugar la excepción, constituye una renuncia de la objeción que pudiera hacerse a la resolución de la corte declarando con lugar la excepción previa.

2. Que la corte no cometió error al permitir al demandante durante el juicio enmendar su demanda para adaptarla a la prueba y que entonces era el momento oportuno para que se aprovechara el demandado de la ocasión para pedir permiso para enmendar su contestación de nuevo, alegando la defensa de prescripción y pedir la suspensión del juicio y presentar prueba en apoyo de su defensa.

3. Que la prueba de inspección ocular decretada por la corte fué aceptada por ambas partes, sin que el demandado tomara excepción contra la resolución de la corte ni contra la forma en que se llevó a cabo la inspección.

4. Que la corte no tenía el deber de llevar consigo para el acto de la inspección ocular al secretario ni al taquígrafo de la corte, aparte de que la ausencia de ambos funcionarios no fué objetada por la parte demandada, ni aún en el caso de que fuera error sería de tal naturaleza que afectara los derechos de la parte.

5. Que como el peso de la prueba recae sobre el demandante, la corte no cometió error al permitirle que en el acto de la inspección ocular indicara primeramente la finca en litigio.

6. Que los autos demuestran que todos los testigos habían prestado juramento en el juicio y por tanto carece de fundamento la objeción de que los testigos que asistieron a la inspección ocular no prestaron juramento en aquel acto, pues lo habían prestado ya.

7. Para que esta corte pueda examinar errores determinados que se aleguen cometidos por la corte inferior, es necesario que se especifiquen detalladamente en el alegato, según exigen los artículos 42 y 43 del reglamento de esta corte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Diego.*

Abogado del apelado: *Sr. José A. Poventud.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

El día 16 de septiembre de 1911, el demandado y apelante en este caso formuló su tercera contestación enmendada, a una demanda sobre reivindicación que estaba pendiente ante la Corte de Distrito de Ponce. El demandante estableció excepción previa contra aquella parte de la contestación denominada "Materia nueva," habiendo sido declarada con lugar dicha excepción previa en cuanto a este particular. Se celebró el juicio del caso dictándose sentencia a favor del

demandante y apelado. El primer motivo de error o serie de errores alegados por el apelante es, que debido a la acción tomada por la corte, el demandado quedó impedido de poder ejercitar el derecho que tenía de formular una alegación sobre prescripción.

El demandado formuló su contestación en 8 de abril, 1911, en cuya época presidía la Corte de Ponce el Juez Sr. Foote, habiéndose presentado entonces una excepción previa a toda la demanda que fué declarada con lugar. En 6 de mayo, 1911, el demandado formuló una nueva contestación contra la cual se presentó excepción previa declarando la corte con lugar la mencionada excepción previa en 21 de julio de 1911. En 28 de julio, 1911, el demandado formuló su segunda contestación enmendada contra la que volvió a presentarse excepción previa, pero en 3 de agosto, 1911, el demandado Adolfo Ramírez por medio de su abogado solicitó de la corte que le permitiera enmendar su contestación enmendada anterior, pues debido al poco tiempo de que disponía y a las numerosas ocupaciones que dicho abogado tenía como notario, no había examinado cuidadosamente la resolución de la corte de fecha julio 21 anterior y deseaba cumplir con ella enteramente, por lo que en 14 de septiembre 1911, la corte dictó la siguiente orden:

"Señalado este día para discutir la moción del demandado solicitando permiso para enmendar la contestación enmendada, y para la vista de las excepciones a la contestación enmendada, la corte, allanándose el demandado a dicha excepción previa, le concede tres días, como última gracia, para enmendar su contestación enmendada, con las costas de la excepción allanada."

Según hemos visto la corte permitió que se formulara la excepción previa a la nueva materia contenida en esta tercera contestación enmendada, siendo ésta la cuarta alegación presentada por el demandado y se procedió al juicio del caso. Al empezar dicho juicio el demandado hizo una moción para que se le permitiera incluir nuevamente la nueva mate-

ria de oposición que había sido eliminada por la corte de la
cuestión en controversia, negándose la corte a conceder dicha
moción por las mismas razones que las expresadas al decla-
rar con lugar la excepción previa. Esta excepción previa
según su naturaleza esencial se refería al hecho de que al
tratar el demandado de presentar la alegación de prescrip-
ción no admitió de modo alguno la posesión del demandante,
sino que de modo indirecto afirmó que todos los terrenos que
poseía en determinada jurisdicción eran los que había tra-
tado de relacionar en su contestación y que había estado en
posesión de dichos terrenos por tiempo indefinido, habiendo
tratado de alegar de modo indirecto, según hemos dicho, el
hecho de que había adquirido un derecho por prescripción en
dichos terrenos. El apelante admite virtualmente que la ob-
jeción se formuló bien, pero alegó que la admisión de la pose-
sión o las alegaciones admitiendo los hechos de la demanda
y alegando otros nuevos con el fin de anular los hechos así
admitidos, que es esencial a la defensa de prescripción, fué
realmente alegada en la primera y segunda contestación, ha-
biendo la corte declarado con lugar indebidamente las excep-
ciones previas que se formularon. Sin embargo, es jurispru-
dencia invariable de la corte, que el enmendar una contes-
tación después que se ha declarado con lugar una excepción
previa formulada a una defensa, equivale a una renuncia del
error que se comete al declarar con lugar la excepción previa.
*Sucesión de Chavier* v. *Sucesión de Giráldez,* 15 D. P. R., 164;
*Hagely* v. *Hagely,* 68 Cal., 348; *Gilman* v. *Cosgrove,* 22 Cal.,
356–358; *Welsh* v. *Bardshar,* 137 Cal., 154–155; y la regla
general con respecto a alegaciones enmendadas consiste, en
que la parte contra quien se presenta la excepción previa
renuncie a la objeción de que se declare con lugar dicha ex-
cepción, si formula una alegación enmendada o en sustitución
de la que fué considerada mala por virtud de la excepción
previa, cuyo punto está sostenido por gran número de autori-
dades en todos los libros. No trataremos de seguir conside-
rando con mayor amplitud la acción tomada por la corte con

respecto a las anteriores excepciones previas, especialmente porque el demandado tuvo otras oportunidades para presentar su supuesta alegación de prescripción y nunca se aprovechó de las mismas.

En este caso se describió la finca en la demanda por sus antiguos linderos, en la que no aparecían claramente marcas físicas, habiéndose puesto durante el juicio al testigo Jorge Mussenden en la silla de testigo para identificar la finca. Hizo referencia a los primitivos dueños y también a las actuales colindancias, e hizo especial mención de los linderos físicos así como a una quebrada hacia el oeste, un camino al norte que era la carretera entre Sabana Grande y Yauco, y otras divisiones físicas. Para ayudarle en esa descripción el demandante presentó un plano de la finca, que fué admitido por el demandado con tal objeto sin objeción de ninguna clase. De modo que en este caso se dió al demandado una idea clara de la finca reclamada por el demandante, sus linderos físicos y las personas que hoy son dueñas de propiedades contiguas. Durante el curso de la prueba de este testigo el demandante solicitó permiso para enmendar su demanda con el fin de ajustarla a la prueba. El demandado se opuso a la enmienda por el fundamento de que la prueba no había terminado, y porque constituía un cambio esencial en la colindancia del norte, habiendo resuelto la corte que las colindancias principales en este caso eran las antiguas; que no hubiera permitido un cambio de tales colindancias y la corte no estima que el cambio a las nuevas colindancias causara alguna sorpresa o perjuicio al demandado, siendo uno de éstos un cambio esencial en el nombre y el otro simplemente para ampliar la prueba, expresando la corte que debía permitirse la enmienda, y no deseando la corte perjudicar los derechos del demandado sometió a la consideración del mismo la cuestión referente a la suspensión del caso cuando terminara la prueba del demandante y para darle una oportunidad de presentar cualquiera prueba que tuviera para impugnar la enmienda que fué entonces presentada, y si así

lo hiciera, la corte no tendría inconveniente en imponer las
costas al demandante por la suspensión del juicio. El deman-
dado tomó excepción, pero no presentó moción alguna u ofre-
cimiento de ninguna clase. Esta fué la ocasión principal en
que si por primera vez reconoció la finca que ahora se des-
cribe enteramente como de su propiedad actual y que la había
poseído por un término mayor que el señalado para la pres-
cripción, que el demandado tuvo la oportunidad de solicitar
permiso de la corte para presentar una contestación adicio-
nal o tomar alguna otra medida que tuviera por conveniente.
El no hizo nada de esto si bien tenía conocimiento de la clase
de colindancias, no solamente por la prueba del testigo del
demandante, sino también por el plano que fué presentado
como prueba, habiéndose presentado, además, otras pruebas
durante el juicio en apoyo de las manifestaciones hechas por
el testigo. No vemos nada en la acción tomada por la corte
que pudiera privar al demandado de ninguna oportunidad
para presentar una verdadera defensa que hubiera podido
tener. En todo juicio es el demandante quien tiene derecho
a elegir su campo de acción. En el presente caso el demandado
hizo una alegación tras otra en las que jamás admitió clara-
mente su posesión, pero formuló contestaciones en donde
describía ciertos terrenos, alegando que éstos eran todos los
que él poseía en cierta jurisdicción, tratando así de escoger
su mismo campo para la contienda propuesta por el deman-
dante y tratando de evitarla (*confession and avoidance*). El
tuvo otra oportunidad de solicitar permiso para presentar
una alegación sobre prescripción, después que la corte había
procedido a examinar los mismos terrenos y con anteriori-
dad a que se dictara la sentencia.

Debemos tomar en consideración de paso, que la corte no
cometió error en permitir al demandante que enmendara su
demanda para ajustarla a la prueba. El apelante no ha ale-
gado de modo categórico que no hubiera prueba suficiente
para justificar la enmienda, habiendo ya esta corte tenido
oportunidad de hacer referencia en cuanto al derecho gene-

ral de la corte para admitir enmiendas en el caso de *Mongil*
v. *Castro,* resuelto en junio 6, 1913, (pág. 682).

El otro error de importancia que ha sido alegado por el
apelante se refiere a que la corte no tenía derecho para orde-
nar *ex officio* una inspección ocular, por no estar autorizada
ésta por la actual legislación, y que el demandado se opuso a
que se concediera dicha inspección ocular.

Los autos de este caso muestran que al terminarse la
prueba presentada por ambas partes, el demandante propuso
la inspección ocular como parte de su prueba de *rebuttal,* a
lo cual el demandado por medio de su abogado se opuso, pero
manifestó que si la corte deseaba practicarla *ex officio,* él no
tenía objeción alguna en que se hiciera. La corte entonces
ordenó dicha inspección ocular *ex officio* con consentimiento
de las partes, permitiendo a cada una de éstas que llevara
consigo dos testigos que ya habían declarado en el juicio,
señalando luego la corte el día 19 de abril de 1912 como fecha
para practicar dicha inspección ocular, habiendo tenido lugar
el juicio principal el día 26 de marzo de 1912. Se verá, por
tanto, que la inspección ocular se practicó con el consenti-
miento del demandado, no habiéndose tomado excepción al-
guna a la resolución de la corte o a la forma en que se llevó a
efecto.

Alega el apelado, sin embargo, que la inspección tal como
se practicó era irregular y nula porque la corte no estuvo
acompañada ni del secretario ni del taquígrafo como lo exige
la ley. De la certificación con respecto a la inspección ocular
que fué presentada por la corte y que ha sido remitida por el
apelante a este tribunal, no aparece que se haya formulado
la más ligera objeción o excepción por este fundamento, ha-
ciendo referencia particularmente las objeciones formula-
das por el apelante al hecho de que la corte creyó conveniente
seguir las indicaciones de los testigos del demandante, sin
haber tenido oportunidad los testigos del demandado de des-
cribir la finca. Además, no podemos ver en qué forma pudo
perjudicar al apelante la omisión por parte del juez senten-

ciador de haber llevado consigo al secretario o taquígrafo; y de conformidad con el artículo 142 del Código de Enjuiciamiento Civil esta corte estaría obligada a hacer caso omiso de cualquier error que no afectara a los derechos esenciales de las partes. Pero no creemos que la corte estuviera en la obligación de llevar consigo a ninguno de los funcionarios a que el apelante se refiere, y especialmente en este caso, pues parece que la idea de la corte era solamente que dos testigos de cada una de las partes iban a acompañarla para indicarle la finca. Además, no podemos ver de qué modo la ausencia del secretario o del taquígrafo, aún en la celebración de un juicio, podría invalidar dicho juicio, de no formularse objeción o excepción o demostrarse la existencia de algún perjuicio.

Alega, además, el apelante, que la corte cometió error en permitir al demandante que hiciera indicación de la finca reclamada en el acto de la inspección ocular. Pero debe recordarse que el peso de la prueba incumbía al demandante y la corte tenía derecho a solicitar de dicho demandante que indicara la finca objeto de la reclamación, pero según la certificación de la inspección ocular que tenemos ante nosotros, los testigos del demandado tuvieron oportunidad de ser oídos y alegaron simplemente que la finca se encontraba situada en otra jurisdicción, sin tratar de hacer ninguna otra alegación. Por tanto, no vemos que se haya cometido error alguno. La corte, además, certifica que el único objeto que había en permitir que se practicara la inspección ocular era el de cerciorarse si en realidad existía dicha propiedad tal como había sido alegada y descrita por los testigos, y sin que tuviera intención alguna de ampliar las declaraciones de los testigos, por cuya razón no utilizó los servicios del secretario o del taquígrafo.

El apelante alegó también que la corte cometió error oyendo a los testigos durante la inspección sin haberles tomado juramento, pero aparece de los autos que todos los tes-

tigos habían sido juramentados en el juicio, lo cual constituye una contestación suficiente a dicha objeción.

El apelante también impugna la certificación relativa a la inspección y expresa que es argumentativa e inexacta y revela en su totalidad predisposición contra el demandado. La corte en su certificación es cierto que caracteriza algunos de los actos del demandado, pero no vemos que realmente exista hostilidad alguna en el sentido en que esa palabra debe entenderse en la ley, y, además, la certificación debe hablar por sí con respecto a cualesquiera errores cometidos, y cualesquiera razones o argumentos presentados por la corte en dicha certificación no constituyen fundamentos de error, pues son los actos ejecutados por la corte y no las razones, los que deben ser alegados como motivos de error.

Otro error que ha sido alegado es que el demandado quedó perjudicado por no admitir la corte ciertas certificaciones del registro. La corte admitió algunas cosas afirmativas, pero negó la certificación en tanto en cuanto la misma contenía manifestaciones negativas, tales como que ciertas constancias no existían en el registro, por el fundamento de que el registrador solamente tiene que certificar que ciertos hechos constaban del registro y, además, que el registrador ya había certificado todos los documentos favorables al demandado, para los cuales dicho demandado había solicitado su certificación.

Se alegaron otros errores semejantes, pero el apelante en su alegato no insiste en ninguno de ellos sino que hace una alusión general a los mismos; y como no vemos que haya habido prejuicios o que exista algún error fundamental, no hay necesidad de discutirlos. Si el apelante deseaba que tomáramos en consideración algún error determinado, debió haber sido alegado concretamente, de conformidad con las disposiciones de las reglas 42 y 43 de este tribunal.

Creemos que resulta bastante claro de los autos, que la inspección practicada por la corte no fué como alega el apelante porque la corte creyera que la prueba sometida durante el juicio era insuficiente, sino que fué por exceso de precau-

ción.    Hubo prueba suficiente en apoyo de las afirmaciones del demandante aun prescindiendo de la inspección ocular, y aunque existió contradicción, no vemos razón alguna para modificar la conclusión a que llegó la corte, debiendo confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.

En agosto 7, 1913, se interpuso recurso de apelación para ante la Corte Suprema de los Estados Unidos, y en octubre 15, 1913, a instancias de la parte apelada se comunicó a la corte inferior la sentencia directada en este caso, por no haberse otorgado la fianza para suspender la ejecución de la sentencia.