[Civ. No. 2346.   Third Appellate District.—November 25, 1921.]

## LEONARD F. YOUDALL, Respondent, v. ISADORE KAUFMAN, Appellant.

[1] PLEADING—ORDER SUSTAINING DEMURRER—PRESUMPTION.—Where an order sustaining a demurrer is general in its terms it will be deemed to have been sustained upon any ground as to which it is well taken.

[2] ID.—ORDER SUSTAINING DEMURRER TO CERTAIN DEFENSES—RIGHT OF TRIAL AS TO OTHERS.—Where in an action in ejectment the answer set up five defenses and a demurrer was interposed as to three of them, leaving two good and sufficient defenses unassailed, it was error on sustaining the demurrer to enter judgment for the plaintiff without a trial of the issues raised by the two defenses.

[3] EJECTMENT—TRESPASS—MISTAKE AS TO BOUNDARY LINE—INSUFFICIENT JUSTIFICATION.—In an action in ejectment, an admission in the answer of the commission of a trespass under a mistake as to boundary line does not relieve the defendant from the duty of surrender of the property and making full reparation in damages.

[4] ID. — LEASE — PLEADING — SILENCE OF COMPLAINT — ADMISSION IN ANSWER — ABSENCE OF ISSUE. — Where in an action in ejectment the complaint did not allege a lease to defendant, a statement in the answer admitting a lease from the plaintiff did not amount to an issuable allegation.

[5] ID.—DENIAL OF OUSTER.—In an action in ejectment, a denial that defendant is or ever was in possession is in effect a denial of ouster and is sufficient in the absence of an objection thereto.

[6] ID.—RECOVERY OF POSSESSION OF ADJOINING LOTS—PLEADING—ADMISSION AS TO ONE LOT—JUDGMENT.—In an action in ejectment to recover the possession of two adjoining lots, where the judgment was properly given against the defendant as to one of them and

he was never in the possession of the other, a judgment against him as to the latter was not injurious.

[7] ID.—DAMAGES FOR DETENTION—ERRONEOUS DENIAL OF HEARING OF DEFENSE.—Where in an action in ejectment the answer alleged a good and sufficient defense to the claim for damages for detention, and such defense was not demurred to, it was error on sustaining the demurrer to other defenses to refuse the defendant a hearing on his unassailed defense.

APPEAL from a judgment of the Superior Court of San Joaquin County. D. M. Young, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Case & Forslund for Respondent.

PREWETT, J., *pro tem.*—Action in ejectment to recover the possession of two certain lots in the city of Stockton described as the north half of lot 10 and the north half of lot 12 in a certain block in that city.

The complaint is in the ordinary form, averring ownership in the respondent and ouster by the appellant and that the rents, issues, and profits are $150. The appellant answered, denying certain allegations and furnishing insufficient defenses as to others. The court sustained a demurrer to the answer, with leave to the appellant to amend. He declined to amend and in due course judgment was rendered against him for the recovery of both tracts and $150 as rents, issues, and profits. No costs were awarded to the respondent.

As the action of the court in sustaining the demurrer to the answer is the only point involved in this appeal, it will be found profitable to quote at length all the material parts of both answer and demurrer. The material parts of the answer are as follows (the numbers of the paragraphs are ours):

1. "Admits that plaintiff is the owner of the real property described in the complaint, and that he leased from plaintiff the north half of lot twelve . . . at a nominal rent for the ground thereof; and in that behalf alleges that such lease is still in full force and effect, and has never been

terminated, canceled or revoked by notice as required by section 789, Civil Code, or in any other manner or way whatsoever.

2. "Denies that he is or ever was in possession of any part of the north half of lot ten or that he ever leased the same from plaintiff.

3. "Denies . . . that he is wrongfully occupying or withholding the possession of the north half of said lot twelve of said tract; and in that behalf alleges that his occupation of the said last named piece of land is rightful and lawful. by reason of his said lease from, plaintiff, which has never been canceled, revoked or terminated in any manner or way whatsoever.

· 4. "Denies that the value of the rents, issues and profits of said real property is the sum of $150, or any other or greater sum that $1.00 per month during the defendant's occupancy thereof, or the sum of $11.00. . . .

5. "That the said Morrell erected said dwelling mainly on the south half of lot twelve, but by mistake, extended the rear thereof upon the north half of the same lot . . . and when so informed by the plaintiff, defendant agreed to pay plaintiff a nominal sum as rental thereof until the entire matter could be adjusted."

The answer further shows that said Morrell was acting as an agent of the respondent in the erection of a dwelling on the south half of lot 12. There are a number of, other allegations in the pleading, but they are unimportant.

The demurrer is directed to the allegations and denials contained in those paragraphs which we have designated as numbers 1, 3, and 5, and it is wholly silent as' to paragraphs 2 and 4. Its grounds are stated as follows:

"1. That said answer does not state facts sufficient to constitute a defense, for the reason that said answer shows upon its face that the defendant unlawfully and wrongfully entered upon the real property, the possession of which is sought to be recovered by plaintiff.

"2. That the alleged lease mentioned by the defendant in said answer is not sufficiently identified or set up; that there is no allegation as to whether said alleged lease was or was not in writing, or the date thereof, or the amount of rental to be paid, or the length of. the term of said lease; and said answer does not allege that the said plaintiff ever

agreed to or accepted the terms of the alleged lease mentioned by defendant.

"3. For the reasons given above the said answer is ambiguous.

"4. For the reasons given above the said answer is unintelligible.

"5. For the reasons given above the said answer is uncertain."

[1] The court, in sustaining the demurrer, did not specify any particular ground; hence it is deemed to have been sustained upon any ground as to which it is well taken. (*Sechrist* v. *Rialto*, 129 Cal. 640 [62 Pac. 261].)

[2] It is, of course, at once conceded that the denials contained in paragraphs 2 and 4 of the answer are good in form as to the particular matters which they attempt to deny and that they raise material issues in the case. The appellant had a right to deny the allegation in the complaint that he withheld the north half of lot 10, and a like right to deny that the rents, issues, and profits exceeded the sum of $11. These two defenses were not demurred to and the issues met by them were never tried. This was clearly error, unless the action of the court in sustaining the demurrer to other portions of the answer operated to carry these defenses with it. In this last event, the demurrer having been sustained in general terms, the effect of the order was to leave no answer on file, and the default of the appellant for not filing an amended answer was properly entered. While this is the rule where a demurrer is sustained to a pleading, all of whose parts are interdependent and constitute one complete and connected statement of a cause of action or ground of defense, it is not the rule as to a demurrer directed only to certain specified defenses, leaving other and sufficient ones unassailed. It will be shown further along that the demurrer was properly sustained as to defenses numbered 1, 3, and 5. The effect of the demurrer was to leave intact and unassailed the defense or denial that appellant withheld lot 10 and the denial that the damages exceeded $11. In support of this point, we will quote from but one case, as it appears to be conclusive.

"Where a pleading contains sufficient to make a good cause of action or a good defense, the effect of sustaining

a special demurrer thereto is no different than results where a motion to strike out has been granted. Where such a demurrer has been sustained and the party affected fails to amend, then the portions of the pleading so specially demurred to will be taken out of view for the purposes' of the trial and be deemed to have been stricken out." (*Pitzel* v. *Maier Brewing Co.,* 20 Cal. App. 737 [130 Pac. 705, 706].)

The words "special demurrer," as used in the opinion from which we have just quoted, were construed by the supreme court, on petition for a hearing in that court, to mean a "demurrer to same particular detached portion" of the pleading. Section 443 of the Code of Civil Procedure expressly provides that a plaintiff may demur to one or more of several defenses set up in an answer. In the present case, one of the defenses set up in the answer is the denial by appellant of possession of lot 10, and another is the denial as to the rents, issues, and profits. The respondent, doubtless realizing that a demurrer would not lie to them, made no attempt to assail them by that means. They stand to-day as unimpeached denials and defenses in the case. Several other cases, from which, however, we will not quote, throw much light on the point discussed in the Pitzel case. They are: *Sukeforth* v. *Lord,* 87 Cal. 399 [25 Pac. 497], *Locke* v. *Peters,* 65 Cal. 161 [3 Pac. 657], and *Hagely* v. *Hagely,* 68 Cal. 348 [9 Pac. 305]. The conclusion that the matters set out in paragraphs 2 and 4 of the answer constitute subsisting defenses is so clearly sustained by the authorities above cited, that further attention to the point would be superfluous.

[3] Turning to the chief controversy in' the case, which appears to involve the north half of lot 12, we will inquire whether the matters set up in paragraphs numbered 1, 3, and 5 and relating to said lot, constitute a defense. In these allegations, the appellant admits the commission of a trespass upon said lot and he pleads no legal justification therefor. He shows, perhaps, that he committed the trespass under a mistake as to the location of the boundary line, but this does not relieve him from the duty of surrendering back the property and making full reparation in damages for the trespass.

[4] The complaint in no manner or form alleges or hints at a lease. Nevertheless, the appellant purports to admit that he leased the tract in question from the respondent, but this admission, in the absence of an allegation to be admitted, does not amount to an issuable allegation that he so leased it. At most, he merely *concedes* it. The answer is verified and upon such a concession, where there is nothing to concede, he could not be held for a perjury in making it. Moreover, such a vacuous admission, when directly challenged by demurrer, is wholly insufficient to amount to an averment of the fact.

Even if we could read the word "admits" as meaning "alleges," the allegation would still fall far short of a proper pleading. The sole allegation, as thus construed, is that he "leased from the plaintiff the north half of lot 12 . . . at a nominal rent for the ground thereof." The respondent is entitled, as against his demurrer, to a distinct allegation of such an array of facts as will enable the court to say, as a mere matter of law, that the respondent leased the premises to the appellant and that the lease still subsists. It is quite apparent that the appellant has failed to meet this test. His several statements in his answer that the lease has never been "canceled or terminated" amount only to conclusions of the pleader. A demurrer does not admit the correctness of conclusions.

The second reference in the answer to the alleged lease consists of the use of the words "by reason of said lease." The third and remaining reference is found in paragraph 5 and is in the following words: "That defendant agreed to pay plaintiff a nominal sum as rental thereof until the entire matter could be adjusted." But there is here no allegation that the respondent parted with the leasehold estate to the appellant nor that he ever assented to or accepted appellant's agreement. Other infirmities in the allegation are plainly apparent. Only by conjecture could the court ascertain that the lease still subsists. In all respects it is too vague and indefinite to stand as a pleading.

Taken as a whole, paragraphs 1, 3, and 5 do not state a defense, and, in addition, they are uncertain and unintelligible. They are the only paragraphs toward which the demurrer was directed and, as to them, it was properly sustained. The court appears to have treated the demurrer

as going to the entire answer and its order was entered accordingly. While this action as to lot 10 and the claim for damages was clearly erroneous, it does not follow that the appellant was injured thereby, at least not beyond the power of this court to furnish a provisional remedy without ordering a new trial. It is manifest that the substantial controversy concerns only lot 12, and as to that tract, the judgment of the court is right. The appellant concedes that he does not own and that the respondent does own the north half of this lot. He concedes the ouster and the continued trespass and furnishes no justification for them. Thus far, the judgment is sustained by the pleadings and the proofs.

[5] The appellant concedes that the respondent owns the north half of lot 10. He does not complain of an adjudication based upon this fact, for he admits it. He does, however, deny that he "is or ever was in possession" of any part of it. While this does not in express terms deny an ouster, it does in effect do so. In the absence of objection this denial is sufficient. Conceding, as we must, that this denial is true, the proper form of judgment should be that the respondent take nothing by the action and that he pay the appellant's costs. [6] Although appellant does not concede that he withholds this tract, he does concede that he has no right to withhold it, and, therefore, he is only technically injured by a judgment based upon the assumption that he still withholds it. He is not injured, even as to his costs, since he loses them in any event as an incident to the judgment as to lot 12. Moreover, his costs amount to but two or three dollars. If the judgment were reversed and the case sent back for trial as to lot 10, the final judgment would leave the appellant where, for all practical purposes, he is at present. This would follow from the concession made in the brief of respondent, which is, in legal effect, that paragraph 2 of the answer is true. If there has been no miscarriage of justice, if, in other words, the appellant is uninjured by the judgment, there should be no reversal as to lot 10. There is no occasion to reverse it, as to lot 12, for, as to that tract, the judgment is technically correct.

[7] However, the appellant denied that the damages suffered by the respondent exceeded $11. The judgment

55 Cal. App.—24

assesses them at $150. He was entitled to a hearing on this point, and it was error to deny him a hearing. He cannot complain of damages up to the sum of $11, for he concedes them. We cannot determine whether these damages were assessed upon the one lot or the other, nor the amount apportioned to each.

The judgment as to both tracts is affirmed. The judgment as to damages is reversed, unless the respondent shall, within thirty days after the judgment of this court is entered, remit all damages in excess of $11. If within said period said damages are thus remitted, the entire judgment will stand affirmed. The appellant will recover his costs on this appeal.

Finch, P. J., and Burnett, J., concurred.