[No. 7,206.—In Bank.]
March 27, 1882.

JOHN THOMPSON ET AL., TRUSTEES, ETC. *v.* CHAS. H. JOHNSON ET AL.

AMENDMENT TO COMPLAINT—ANSWER—DEFAULT—PRACTICE.—Where a plaintiff amends in matter of substance, he, in effect, opens the default on the original pleading, and must serve his amended pleading upon the parties including the defaulting defendant.

ID.—ID.—ID.—ID.—CASE DISTINGUISHED.—*McGary* v. *Pedrorena,* 58 Cal. 9, distinguished.

APPEAL by defendants, C. H. Johnson and Mariana G. Day, from a judgment for plaintiffs and defendant Eymond, and from an order refusing to set aside said judgment in the First District Court of the County of San Luis Obispo. FAWCETT, J.

*W. J. & Wm. Graves,* for Appellants.

The amended pleading of whatever nature takes the place of and supersedes the original, and the same rules are applicable to it in regard to the necessity of an answer, and as to the time within which that answer to be available must be

put in, and it should in all respects be governed by the rules, as to service, that apply to the original pleading. (*McMurray* v. *McMurray*, 9 Abb. N. S. 315; *Kelley* v. *McKibben*, 53 Cal. 13; *Elder* v. *Spinks*, 53 id. 293; *Low* v. *Graydon*, 14 Abb. 444; *Harriott* v. *Wells*, 9 Bosw. 631; *Fry* v. *Bennett*, 3 id. 200; S. C., 9 Abb. 45; S. C., affirmed, 28 N. Y. 324 (1 Tiff.); *Burrall* v. *Moore*, 5 Duer, 654; *Kapp* v. *Barthan*, 1 E. D. Smith, 622; *Seneca County Bank* v. *Galinghouse*, 4 How. 174; *Harriott* v. *Wells*, 9 Bosw. 631; *The Union Bank* v. *Mott*, 19 How. 267; S. C., 11 Abb. 42 (48) note; *Webb* v. *Wilkie*, 1 Cal. 153; *Holmes* v. *Lansing*, 1 Johns. Cas. 248; *Pease* v. *Morgan*, 7 Johns. 468; *Allaban* v. *Wakeman*, 10 Abb. 162.)

The amended pleadings necessarily affected all the parties defendant, and though they may have answered or demurred separately, still all should have been served with the amended pleading. (*Thomas* v. *Allen*, 2 Wend. 618; *Espino* v. *Nash*, 7 Hill, 167; *Akin* v. *Albany Northern Railroad Company*, 14 How. 337; *Allaban* v. *Wakeman*, 10 Abb. 162; *Fassett* v. *Tallmadge*, 15 Id. 205 (211); *People* v. *Woods*, 2 Sanf. 652; S. C. 2 Code Rep. 18; *Union Bank* v. *Mott*, 19 Howard, 267; *Fassett* v. *Tallmadge*, 15 Abb. 205; C. C. P. § 146.)

*McD. R. Venable*-and *W. B. Dillard*, for Respondents.

The amendment introduced no new cause of action, nor ground of relief, and as to the interest of defendant Day, it was perfectly immaterial. Add it to the complaint, and that instrument still remains, to every material effect, only the same with which said defendant was served. Withdraw it, and the judgment lacks no necessary element of support. If lack of service was error, it is such as should be disregarded. (C. C. P. § 475.)

Had service been ordinarily necessary, the defendant, Day, under the circumstances, had no standing in Court which would entitle her to take advantage of its omission. By filing a frivolous demurrer in the case, for delay, she had been adjudged guilty of trifling with the Court, and by its order forbidden the privilege of answering plaintiff's complaint. An amendment thereafter which set up no new cause of action, nor prayer of relief, could not affect her rights. (*People* v. *Culverwell*, 44 Cal. 622.)

The Court had a right to withhold permission to answer. (*Seale* v. *McLaughlin*, 28 Cal. 672; 2 Waite Pr. 565; 1 Van Sant., Eq. Pl. 196.)

But such service was not necessary in any case, unless ordered by the Court. (*McGary* v. *Pedrorena*, 58 Cal. 91.)

McKEE, J.:

Appeal from a judgment and an order denying a motion to set aside the judgment. The appeal from the order was not taken in time and is, therefore, dismissed.

It appears by the judgment roll that the action was commenced against five defendants to foreclose a mortgage. On the eighth of February, 1879, the plaintiff filed an amended complaint to which the defendants, Johnson and Day, interposed demurrers. Day's demurrer was adjudged to be frivolous and overruled, and leave was denied her to answer. But, at the same time, Johnson's demurrer was sustained, and the Court, by an order made and entered May 14, 1879, granted leave to the plaintiff to further amend his complaint, "the defendant to answer the complaint as amended within five days thereafter." Under this order the plaintiff filed an amendment to his complaint, showing, in substance, that there was a mutual mistake in the execution of the mortgage in this: That the mortgage as executed did not describe the premises intended to be mortgaged, and that in order to make it conform to the actual intention of the parties it was necessary that the description of the mortgaged premises should be amended, etc. A copy of this amendment was served upon the attorneys of the defendant, Johnson. The order did not provide for the service of the amendment upon the defendant Day; nor does the judgment roll show that the amendment, or the amended complaint, was served upon her; yet the Court proceeded to hear the cause upon the last amended complaint and rendered judgment against her for want of answer to the amended complaint.

We think this was error; for although her demurrer to the second amended complaint was adjudged frivolous, and she had been denied leave to answer, yet as the plaintiff, subsequently under the order of the Court, adjudging his complaint insufficient, filed an amendment in substance of his

former amended complaint, the amendment together with the original amended complaint, constituted a new complaint, which superseded all other pleadings in the case. All former pleadings and issues raised thereby were, therefore, substantially vacated. This new complaint necessarily affected all the parties defendants, and especially the defendant Day, who, it was alleged, had an interest in the mortgaged premises. It contained the facts which constitute the cause of action sought to be enforced against all the defendants, and it should have been served upon all, because each was in law entitled to answer it. · It was error to limit the service of the amended complaint to one defendant only, when it affected all, and each was entitled to an opportunity to answer it. (§§ 465, 432, C. C. P.) The right to answer an amended pleading is one of which a party cannot be deprived even after entry of a default against him on the original pleading; for where a plaintiff amends in matter of substance, he, in effect, opens the default on the original pleading, and must serve his amended pleading upon all the parties, including the defaulting defendant. (*People* v. *Woods,* 2 Sandf., 652.)

The case of *McGary* v. *Pedrorena,* 58 Cal. 91, is not in conflict with these views. In that case the defendant appeared and answered the amended complaint, and it was held that *he* had no right to object on appeal that the complaint, as amended, had not been served on the other defendants. In this case, it is the defendant, who was not served, that objects, and appeals from the judgment.

Judgment reversed and cause remanded for further proceedings.

MORRISON, C. J., and McKINSTRY, MYRICK, ROSS, and THORNTON, JJ., concurred.