[Civ. No. 22085. First Dist., Div. Two. Mar. 15, 1965.]

VINCENT DI LORENZO et al., Plaintiffs and Appellants, v. STEWART TITLE GUARANTY COMPANY et al., Defendants and Respondents.

Vincent Hallinan, Carl B. Shapiro, Patrick Sarsfield Halli-- nan and LeRoy W. Rice for Plaintiffs and Appellants.

Elbert G. Bennett, Brobeck, Phleger & Harrison, Thompson & Hubbard, Thomas, Muller & Pia, Robert J. Pia, Hoge, Fenton, Jones & Appel, Noland, Hamerly, Etienne & Fulton, Donald G. Hubbard, John Bailey Stohlton and Peter T. Hoss for Defendants and Respondents.

AGEE, J.—The general demurrers of the defendants to plaintiffs' amended complaint were sustained without leave to amend as to the four corporate defendants and with leave to amend as to the seven individual defendants. Plaintiffs declined to amend and judgments of dismissal were entered in favor of all defendants. Plaintiffs appeal from said judgments.

The demurrers are both general and special and are directed to each of the three counts in the complaint. However, the orders sustaining the demurrers make it clear that the court's ruling is based upon the single general ground urged in the demurrers, *viz.*, failure to state facts sufficient to constitute a cause of action. No mention of the grounds of special demurrer is made in any of the orders sustaining the demurrers or in the judgments.

Accordingly, if a count in the amended complaint is good against the ground of general demurrer, the judgments should be reversed as to such count and the trial court should be directed to overrule the general demurrers thereto and to rule on the points presented by the special demurrers. *Stowe* v. *Fritzie Hotels, Inc.*, 44 Cal.2d 416 [282 P.2d 890] ; *Weinstock* v. *Eissler*, 224 Cal.App.2d 212 [36 Cal.Rptr. 537].)

■ "When a demurrer based upon both general and special grounds is sustained and the order mentions only the general ground, impliedly the ruling was made either without consideration of the special grounds or upon a determination that they are not well taken. If the general demurrer was sustained erroneously, the trial judge should be directed to consider the special grounds." (*Stowe* v. *Fritzie Hotels, Inc., supra,* p. 425.)

The first count alleges that plaintiffs conceived and researched the idea of forming a title insurance company and a savings and loan association to do business in Monterey County; that they solicited for participants; that thereupon they and defendants Dormody, Dellamano, Shankle, Rudoni, and six other individuals who later withdrew, entered into an oral agreement of joint venture to accomplish these objectives; that defendant Stewart Title Guaranty Company and its manager, defendant Marriott, thereafter entered into the joint venture and were informed by the other venturers of all of their efforts and plans; that thereafter the above six defendants and defendants Kreuter, Krotozyner, Stewart Title Company of Monterey County, a corporation, West Coast Properties, a corporation, and Old California Title Company, a corporation, conspired together for the purpose of depriving plaintiffs of the fruits of the joint venture to which they were entitled under the agreement[1]; that these fruits included promotional stock in the title company formed by the joint venturers in the amount of $25,000 and the appointment of one of the plaintiffs as a director and officer of said company, with a salary commensurate therewith; that each of the defendants acted individually and as the agent of each and all of the other defendants in respect to the matters and

---

[1]The allegations are that defendants "made and entered into a conspiracy whereby . . . [they] agreed between themselves to exclude the plaintiffs from any ownership, interest, right or title in or to either of the corporations above-described, namely the title insurance company and the savings and loan association, to affect [*sic*] a breach of the contract for the participation of said plaintiffs in said corporations, the procurement and allocation to them of the promotional stock above described, the appointment of the plaintiff Adeline DiLorenzo as a member of the Board of Directors and an officer of said companies, the right to participate in the profits of said companies or to receive any salaries or payments therefrom, and to prevent plaintiffs from exercising any direction, control or management of either of said corporations, and to appropriate to themselves the ownership and control of said title insurance company and said savings and loan association and to divide the stocks and securities of said corporations, the ownership and control thereof and their business and direction offices, salaries and profits between the defendants named in this paragraph;''

things alleged herein; that by reason of the conspiracy and the resulting breach of the joint venture agreement plaintiffs have been damaged in the sum of $100,000.

The third count incorporates the first count by reference thereto. It then alleges that, at the time of the making of the joint venture agreement, defendants did not intend to keep their promises and representations with respect to the fruits and rewards which plaintiffs were to receive from the joint venture. (Civ. Code, § 1710, subd. 4.)

This count would at first blush seem to apply only to those defendants who were original members of the joint venture. However, as in the first count, plaintiffs have alleged that each of the defendants acted individually and as the agent of each and all of the other defendants in respect to the matters and things alleged herein, and this would make said count apply to all of the defendants.

The third count concludes by alleging that defendants effectually defrauded plaintiffs and thereby procured for themselves "the fruits of the invention, initiative, experience, efforts and labor of the plaintiffs in the design, formation and development of said corporations and each of them and the procuring and promotion of business for them."

While the first and third counts are quite lengthy and badly in need of clarification, we think that each states facts sufficient to constitute a cause of action.

The gravamen of plaintiffs' cause of action is that they were parties to a joint venture agreement under which they were to obtain certain pecuniary benefits and rewards and that defendants, some of whom were coventurers and some of whom were not, wrongfully interfered with this contractual relationship with the intent and for the purpose of depriving plaintiffs of such benefits and rewards, thereby damaging plaintiffs in a stated amount.

In *James* v. *Herbert*, 149 Cal.App.2d 741 [309 P.2d 91] and 154 Cal.App.2d 873 [316 P.2d 733], it was held that a course of action for civil conspiracy was sufficiently stated by a complaint alleging that defendants (two of whom were coventurers and one of whom was not) entered into a wrongful conspiracy to exclude plaintiff from further participation in a joint venture, to deprive her of her interest therein, and to obtain and retain the business and profits for themselves, and that by reason thereof she suffered damage in a stated sum.

We think the following statement of our Supreme Court in *Matteson* v. *Wagoner*, 147 Cal. 739, 742 [82 P. 436],

which has been repeatedly quoted with approval, is applicable to the first and third counts herein: ''In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.''

Defendants make various contentions as to the enforceability of the joint venture agreement. We need not discuss these at this time, since the agreement is not void but at best may be unenforceable as to certain provisions thereof. We are concerned here only with the issue of pleading.

In *Zimmerman* v. *Bank of America*, 191 Cal.App.2d 55 [12 Cal.Rptr. 319], a judgment entered upon the sustaining of a general demurrer to plaintiff's complaint was reversed. The opinion states that the oral agreement involved was ''without doubt, a voidable contract'' but held that the tort of wrongful interference with a business relationship based upon contract does not ''disintegrate'' because it relates to a contract which is unenforceable. As stated by Justice Tobriner, at page 57: ''The nature of the tort does not vary with the legal strength, or enforceability, of the relation disrupted. The actionable wrong lies in the inducement to break the contract or to sever the relationship, not in the kind of contract or relationship so disrupted, whether it is written or oral, enforceable or not enforceable.''

The second count incorporates the first count by reference thereto and then alleges that the reasonable value of the services rendered by plaintiffs *to the defendants* is the sum of $25,000, for which amount judgment is prayed against defendants.

 A common count is ordinarily good against a general demurrer. However, the allegations of the incorporated first count are to the effect that plaintiffs rendered their services to and for the joint venture and not to or for the individual defendants.

 An implied contract for the payment of services rendered does not arise unless the circumstances suggest the implication of a promise to pay. (12 Cal.Jur.2d, Contracts,

§ 5, pp. 188-189.) Here the circumstances alleged in the first count negative any implication that the individual defendants were to pay for plaintiffs' services. Therefore, the general demurrers to the second count were properly sustained.

The judgments are reversed as to first and third counts and affirmed as to the second count; the trial court is directed to overrule the general demurrers to the first and third counts and then rule on the points presented by the special demurrers thereto; plaintiffs shall recover costs on appeal.

Shoemaker, P. J., and Taylor, J., concurred.