[Civ. No. 23715. First Dist., Div. One. Sept. 7, 1966.]

LILLIAN COHEN et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; SOUTHERN PACIFIC COMPANY et al., Real Parties in Interest.

Mack & James, Julian W. Mack II and Raymond E. Bright for Petitioner.

No appearance for Respondent.

Lamb & Glynn and Charles G. Norris for Real Parties in Interest.

MOLINARI, J.—Petitioners seek a writ of mandate directing the court below to allow an amendment to a complaint for wrongful death.

Petitioners, as the alleged sole heirs of Joshua Cohen, filed a complaint for wrongful death on February 10, 1964 against the Southern Pacific Company, a corporation, Southern Pacific General Hospital, Northwestern Pacific Railroad Company and fifty Does.[1] On March 31, 1964 Southern Pacific filed an answer to the complaint. Thereafter, on April 21, 1964, a demurrer and motion to strike were interposed by Northwestern. When the demurrer and motion to strike came on for hearing on May 7, 1964 the trial court permitted petitioners to file an amendment to the complaint and then overruled the demurrer with 10 days leave granted to Northwestern to answer. On May 15, 1964 Northwestern demurred to the complaint and the amendment thereto, and moved to strike the amendment on the ground that it was untimely under Code of Civil Procedure section 472.[2] On June 4, 1964, pursuant to an

---

[1]Plaintiffs pleaded ignorance of the true capacity of Northwestern and Southern Pacific Hospital, but alleged that Northwestern was the agent, employee and *alter ego* of Southern Pacific and that defendant hospital was the agent and employee of Southern Pacific.

[2]The points and authorities submitted in support of the motion to strike relied upon Code of Civil Procedure section 472 which provides in pertinent part that "Any pleading may be amended once by the party of course ... at any time before the answer or demurrer is filed ... or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party...."

order entered in the minutes, the trial court granted the motion to strike and sustained the demurrer with 30 days leave to amend the complaint. On June 8, 1964 a formal order was signed by the trial judge ordering that the motion to strike be granted and that the demurrer be sustained ''with 30 days granted to plaintiff to file an Amended Complaint as to all parties,'' and in conjunction therewith, directed that ''Any order or ruling heretofore made by this Court contrary to the provisions of this Order, are hereby vacated and set aside.''[3] Notice of the granting of such motion to strike and the sustaining of the demurrer with 30 days leave to amend ''as to all parties'' was given on June 9, 1964 by Northwestern to petitioners and to Southern Pacific.

On August 5, 1965, following a substitution of attorneys for petitioners, the latter filed a motion, supported by declarations, to amend the complaint ''to substitute the date of 1957 in place of 1958 in all the places that it appears in the Complaint'' as against Southern Pacific and all defendants except Northwestern. When this motion came on for hearing on December 1, 1965 it was denied, whereupon the instant petition for writ of mandate was filed in this court. Upon the basis of the verified petition stating a prima facie case entitling petitioners to the issuance of a writ of mandate on the ground that the trial court abused its discretion in refusing to allow the subject amendment this court granted its alternative writ.[4]

Following the filing of the return by Southern Pacific a hearing was held at which the parties argued their respective contentions. At this hearing we had before us the file of the

---

[3] We note that the minute order merely recites that the motion to strike was granted and that the demurrer to the complaint was sustained with 30 days leave to amend. The provisions in the formal order that the demurrer was sustained ''as to all parties'' is not controlling since it was not a part of the minute order. This observation likewise applies to the order that previous orders contrary to the recitals of the formal order were vacated and set aside. It is settled law that unless the minute order expressly directs that a written order be prepared, signed and filed, the order entered in the permanent minutes of the court is the final decision, and the subsequent written order is not necessary. (*Herrscher* v. *Herrscher,* 41 Cal.2d 300, 304 [259 P.2d 901]; *Pessarra* v. *Pessarra,* 80 Cal.App.2d 965, 966-969 [183 P.2d 279]; rule 2(b)(2) Cal. Rules of Court; 3 Witkin, Cal. Procedure (1954) Appeal, § 119, p. 2294.) Since no written order was expressly directed, the minute order in the instant case is the final decision. Accordingly, for purposes of our review any of the matters contained in the formal order but not a part of the minute order will be treated as surplusage.

[4] The basis for the trial court's ruling does not appear in the record.

proceedings in the court below.[5] Petitioners argued that their claim was cognizable under the Federal Employers' Liability Act,[6] and that since it was not barred by the statute of limitations, the trial court abused its discretion in refusing to permit the amendment. Southern Pacific, on the other hand, argued that under the federal act the claim was barred by its limitation period, and that even if the claim be considered one under the California theory of wrongful death, the subject amendment was likewise sought after the statute of limitations had run, the doctrine of "relation back" to the filing of the original complaint not being applicable because the proposed amendment encompassed a general set of facts not contained in the original complaint. In any event, argued Southern Pacific, since the allowance of the amendment was in the discretion of the court, there was no showing of an abuse of discretion.

We have concluded that we need not discuss the merits of the respective contentions since the record of the proceedings in the court below, the benefit of which we did not have in its entirety when we issued the alternative writ, discloses that there is no complaint on file to which the proposed amendment can attach. ▮▮▮ We first note that prior to ruling on the demurrer the trial court granted the motion to strike the amendment to the complaint which it had permitted petitioners to file on May 7, 1964 apparently upon the basis that the amendment could not be filed as of course or with permission of the court because Southern Pacific had filed an answer prior to the filing of such amendment. Accordingly, the effect of the granting of the motion to strike the purported amendment was to leave the complaint as originally filed. The trial court then proceeded to hear the demurrer to the original complaint and thereupon made its order that the demurrer be sustained with leave to amend.

Although Northwestern's demurrer was interposed generally and specially, neither the minutes of the court, of which we take judicial notice, nor the formal order filed in the proceedings, state the specific ground or grounds upon which the order was based as required by Code of Civil Procedure section 472d, but merely state that the demurrer was sustained. ▮▮▮ Although it was error for the trial court to fail

---

[5]The file was called for on our own motion following the issuance of the alternative writ and prior to the hearing.

[6]In their complaint petitioners specifically alleged that the action was "brought pursuant to 45 U.S.C.A. Sections 51, et seq."

to state the specific ground or grounds of its order sustaining the demurrer to petitioners' complaint as required by section 472d, petitioners waived such irregularity by failing to call it to the attention of the court.[7] (*Kyne* v. *Eustice*, 215 Cal.App. 2d 627, 636 [30 Cal.Rptr. 391]; *Mack* v. *Hugh W. Comstock Associates, Inc.*, 225 Cal.App.2d 583, 590 [37 Cal.Rptr. 466].) Accordingly, since the order sustaining the demurrer was general in its terms, impliedly the ruling was made either without consideration of the special grounds or on a determination that they were not well taken. (*Stowe* v. *Fritzie Hotels, Inc.*, 44 Cal.2d 416, 425 [282 P.2d 890]; *DiLorenzo* v. *Stewart Title Guar. Co.*, 232 Cal.App.2d 839, 841 [43 Cal.Rptr. 261].)[8] Therefore, we are certainly entitled to assume, at least in the instant case, that the demurrer was sustained on the ground that the complaint did not state a cause of action.

 In view of the foregoing it is apparent that in the present case the demurrer having been sustained in general terms, the effect of the order was to destroy the complaint as an existing pleading. It is well settled that if the pleading is such that all of its parts are interdependent, constituting one complete and connected statement of a cause of action or defense, the effect of an order sustaining a demurrer to it is to leave no pleading on file. (*Youdall* v. *Kaufman*, 55 Cal.App. 363, 366 [203 P. 448]; *Ogier* v. *Pacific Oil & Gas etc. Corp.*, 132 Cal.App.2d 496, 500 [282 P.2d 574]; 39 Cal.Jur.2d, Pleading, § 176, p. 257.) Since Northwestern's demurrer was sustained generally with leave to amend it is clear that the trial court contemplated the filing of an entire new complaint amended in matters of substance so as to state a cause of action entitling petitioners to proceed with their action.

 Such a complaint, alleging all the necessary facts, would, when filed, constitute a complete new pleading and be the true complaint in the cause furnishing the sole basis of the cause of action. (*Randall* v. *Randall*, 203 Cal. 462, 464 [264 P. 751]; *Bray* v. *Lowery*, 163 Cal. 256, 260 [124 P. 1004]; *More-*

---

[7] Code of Civil Procedure section 472d provides in part that ''The party against whom a demurrer has been sustained may waive these requirements.''

[8] It should be here noted that on an appeal from a judgment it is the rule that when a demurrer has been sustained on general terms, it will be deemed to have been sustained on any ground as to which it is well taken. (*Weinstock* v. *Eissler*, 224 Cal.App.2d 212, 223 [36 Cal.Rptr. 537]; *Shaw* v. *Empire Sav. & Loan Assn.*, 186 Cal.App.2d 401, 404 [9 Cal.Rptr. 204]; *Youdall* v. *Kaufman*, 55 Cal.App. 363, 366 [203 P. 448].)

*head* v. *Turner,* 41 Cal.App.2d 414, 418 [106 P.2d 969]; 39 Cal.Jur.2d, Pleading, § 262, p. 384.)

We are satisfied that, excepting for the statutory authority permitting the filing of a supplemental complaint alleging facts occurring after the filing of the formal complaint (Code Civ. Proc., § 464; see *Radar* v. *Rogers,* 49 Cal.2d 243, 247 [317 P.2d 17]; *Nels E. Nelson, Inc.* v. *Tarman,* 163 Cal.App.2d 714, 720-721 [329 P.2d 953]), it is elementary that there can only be *one* complaint in an action (see Code Civ. Proc., §§ 350, 405, 425, 426, 427; see also 39 Cal.Jur.2d, Pleading, § 72, p. 111; 2 Witkin, Cal. Procedure (1954) Pleading, § 231, p. 1207). Accordingly, when an action is filed against several defendants and the demurrer of one is overruled and the demurrer of the other sustained with leave to amend, the amended complaint, if it is amended in matters of substance as distinguished from matters of form, constitutes a new complaint affecting all of the defendants each of whom, because he is entitled to answer the amended pleading de novo, must be served with a copy of the amended pleading. (*Thompson* v. *Johnson,* 60 Cal. 292, 295; *Wilson* v. *First Nat. Trust & Sav. Bank,* 73 Cal.App.2d 446, 450 [166 P.2d 593]; *Griffin* v. *International Longshoremen's Union,* 109 Cal.App.2d 823, 826 [241 P.2d 552]; *Crowder* v. *Lyle,* 225 Cal.App.2d 439, 450 [37 Cal.Rptr. 343]; *Stack* v. *Welder,* 3 Cal.2d 71, 75 [43 P.2d 270]; Code Civ. Proc., §§ 432, 472.) This rule inures to the benefit of a defendant whose previous demurrer has been adjudged frivolous and who has been denied leave to answer (*Thompson* v. *Johnson, supra,* pp. 294-295) and a defendant whose previous default has been entered (*Stack* v. *Welder, supra,* p. 75).

Adverting to the instant case, in the light of these principles, we conclude that notwithstanding the fact that Southern Pacific had filed an answer to the original complaint, the subsequent sustaining of Northwestern's demurrer to said complaint on the ground that said complaint did not state a cause of action had the effect of consigning it to the limbo of dead pleadings. When resurrected in the form of an amended complaint consisting of a new and separate pleading, each of the defendants, whom it might affect, was entitled to plead to it.

The original complaint in the instant case was in this state of limbo when petitioners sought to make the amendment which is the subject of these proceedings. This purported amendment did not constitute an amended complaint, but

merely an attempt to substitute the date 1957 in place of 1958; nor did it incorporate the original complaint by reference in conjunction with the purported amendment. (See *Ogier* v. *Pacific Oil & Gas etc. Corp., supra,* 132 Cal.App.2d 496, 500.) In sum, it was nothing more than a purported amendment to a complaint which was not then in existence. Accordingly, the trial court acted properly in denying the subject motion to amend.

The case at bench points up the confusion which frequently exists among practitioners with respect to the distinction between amended pleadings and amendments to pleadings. As noted in chapter 11, section 200, page 452 of ''California Civil Procedure Before Trial'' (Cont. Ed. Bar), ''An amended pleading is one that is entirely rewritten and completely supersedes the original or preceding pleading, but relates to facts occurring before the action was begun. It should be entitled 'Amended (type of pleading).' . . . An amendment to a pleading is the addition, substitution, or change of only a *part* of a pleading relating to facts occurring before the action was begun. It should be entitled 'Amendment to (type of pleading).' ''

Here the parties seem to be laboring under the impression that there are two complaints, one against Southern Pacific and the other against Northwestern. As we have already pointed out, petitioners and Southern Pacific are treating the pleadings as if there is extant, as between them, the original complaint to which the subject amendment is directed. As between petitioners and Northwestern, the complaint deemed in existence by them is the complaint, filed on October 1, 1965, which petitioners have designated as an ''Amendment to Complaint'' and wherein they allege that the complaint is amended in certain particulars therein specified only as against Northwestern. This amendment was apparently intended as the amended complaint which the trial court granted petitioners leave to file when it sustained the demurrer of Northwestern. Although it is labeled an ''Amendment to Complaint'' it is actually an amended complaint since it purports to incorporate the original complaint by reference subject to the amendments specified. In *Ogier* it was held that an original complaint may be incorporated by reference in the amended pleading. (See 39 Cal.Jur. 2d, Pleading, § 241, pp. 352, 353.) On June 13, 1966, over eight months after the filing of said ''Amendment to Complaint,'' Northwestern moved to dismiss the instant action on

the ground that such amendment was not timely made. According to the record that motion is still pending.

Since, as we have hereinabove indicated, there can be only one complaint in an action to which all of the appearing defendants are entitled to plead, it appears to us that the pleading snarl which has resulted in the present action by reason of the cavalier treatment of pleading responsibilities can best be resolved, to the end that this case may be tried on the merits if a cause of action can be stated, by the filing and serving of a new amended complaint as against all defendants who have appeared in the action.

Let a peremptory writ issue directing the trial court to permit petitioners, within a reasonable time to be fixed by the court, to file an amended complaint and to serve the same on all defendants who have appeared in the action.

Sullivan, P. J., and Sims, J., concurred.

The petition of real party in interest Southern Pacific Co. for a hearing by the Supreme Court was denied November 2, 1966.