[Civ. No. 25369.  First Dist., Div. Two.  May 21, 1969.]

DELL MALICK, Plaintiff, Cross-defendant and Respondent, v. AMERICAN SAVINGS AND LOAN ASSOCIATION OF CALIFORNA et al., Defendants, Cross-complainants and Appellants; JACK H. BENNETT, Cross-defendant and Respondent.

Julius H. Selinger and John F. Mallen for Defendants, Cross-complainants and Appellants.

McCray & McCray and W. Mike McCray for Plaintiff, Cross-defendant and Respondent.  Jerrold I. Rudelson for Cross-defendant and Respondent.

TAYLOR, J.—All defendants appeal from a minute order dismissing their cross-complaint and quashing and dismissing the service of summons issued thereon.  ▮ Appellants contend that the trial court abused its discretion as the main action was still pending. We cannot agree.

The record reveals the following pertinent facts: On

November 7, 1966, plaintiff and respondent, Dell Malick, filed in Marin County an action against appellants for fraud, deceit, breach of contract and unjust enrichment. This complaint set forth four causes of action and sought damages of $24,776,000. On December 22, 1966, appellants filed a general and special demurrer. The general demurrer was sustained on February 3, 1967, for Malick's failure to join his copartner or joint venturer, respondent Jack Bennett, with leave to amend within 12 days.

On February 15, 1967, the very date on which the amended complaint was due under the above order sustaining the demurrer, Bennett filed an identical action against appellants in San Francisco County alleging that he was the sole owner of the cause of action.

Malick failed to amend within the 12 days granted and on February 23, 1967, mailed to the clerk of the court a printed request for dismissal of the action without prejudice as to all defendants. The dismissal was duly entered by the clerk. The very same day, appellants filed their cross-complaint in the Marin action for an injunction and other relief against Malick and Bennett and summons was duly issued. No answer was filed by appellants. Their cross-complaint prayed for an injunction, alleged the filing of the San Francisco action by Bennett, and sought to restrain both Bennett and Malick from separately prosecuting a partnership claim in different courts in different counties, and from proceeding with the San Francisco action until the Marin County action had been determined. On February 24, an order to show cause for a temporary restraining order was issued in Marin County requiring Bennett to show cause why he should not be restrained from prosecuting the San Francisco action during the pendency of the Marin action. On March 3, 1967, the return date of the order to show cause, Bennett appeared by his attorney to challenge the jurisdiction of the court to issue the order. The trial court that day decided that the order to show cause was ineffectual and entered an order discharging the same without prejudice for lack of jurisdiction of Bennett.

Thereafter, on March 8, 1967, another show cause order was issued by the Marin court, returnable on March 27. This order, like the prior one of February 24, was directed to Malick, Bennett and their attorneys, and served by mail on their respective attorneys. On February 25, 1967, Bennett filed a voluntary petition in bankruptcy in the United States District Court in Santa Ana, and thereafter, a receiver was

appointed. On March 27, 1967, Malick's attorney filed a declaration in the Marin County action indicating that: the demurrer to his complaint had been sustained on the ground that Bennett was a necessary party; that at a meeting with Bennett and his attorney, Malick learned of the action against appellants that Bennett had filed in San Francisco; that, therefore, Malick then decided not to file an amended complaint in the Marin action but to dismiss that action and refile in San Francisco in order to prevent a multiplicity of lawsuits involving the same transaction. Malick, however, never refiled his action in San Francisco and did not join in the action in that county filed by Bennett.

Thereafter, on March 27, 1967, Bennett's attorney addressed a letter to the trial judge in Marin County, stating that he had been served with a copy of the March 8, 1967 order to show cause but that his client had not been served and, therefore, the Marin County court had no jurisdiction over Bennett. In this letter, Bennett's attorney further indicated to the court that in the San Francisco action, appellants' motion for a change of venue to Marin County had been denied, but a demurrer on the ground of another action pending sustained, and that he was awaiting disposition of the Marin case before proceeding with the matter in San Francisco.

At the hearing on the order to show cause of March 8, 1967, in Marin, the entire chronology, pleadings and legal contentions of all parties were presented to the court, which thereafter entered its order discharging the order to show cause on the ground of mootness. Thereafter, on May 4, 1967, Bennett filed a motion to dismiss the cross-complaint and to quash the service of the summons issued thereon. The motion was supported by a declaration of Bennett's counsel stating that Bennett had been served in Orange County with a copy of the cross-complaint and summons in the Marin action after the February 23 voluntary dismissal by Malick had been entered on the register in the clerk's office. Thereafter, after a further hearing, the trial court entered its minute order of October 11 granting Bennett's motion to dismiss the cross-complaint and quash service of summons.

On this appeal from that minute order, the main contention concerns the propriety of the voluntary dismissal of the action by Malick pursuant to Code of Civil Procedure section 581, subdivision 1.

The statute provides, so far as pertinent: "An action *may* be dismissed in the following cases:

"1. *By plaintiff,* by written request to the clerk, filed with the papers in the case, or by oral or written request to the judge where there is no clerk, *at any time before the actual commencement of trial,* upon payment of the costs of the clerk or judge; *provided,* that a counterclaim has not been set up, or *affirmative relief sought by the cross-complaint or answer of the defendant. If a provisional remedy has been allowed,* the undertaking shall upon such dismissal be delivered by the clerk or judge to the defendant who may have his action thereon. A trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or his counsel, and if there shall be no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." (Italics added.)

Appellants argue that their filing of the cross-complaint seeking injunctive relief and the temporary restraining order thereafter issued, prevented Malick from dismissing the action pursuant to subdivision 1 of the Code of Civil Procedure section 581, and required him to follow the procedure of obtaining from the court a formal order of dismissal pursuant to subdivision 3 of the statute, set forth below.[1]

But Malick clearly met all of the requirements of subdivision 1. The effect of the court's order sustaining appellants' demurrer with leave to amend was to wipe out the original complaint. As the original complaint was no longer in existence (*Cohen* v. *Superior Court,* 244 Cal.App.2d 650, at pp. 656-657 [53 Cal.Rptr. 378]), and no amended complaint had been filed, there was no pleading or proceeding to which defendants could respond and their cross-complaint was a nullity.[2] We conclude, therefore, that Malick's action was

---

[1]"An action may be dismissed in the following cases: . . . 3. By the court, when either party fails to appear on the trial and the other party appears and asks for the dismissal, or when a demurrer is sustained without leave to amend, or when, after a demurrer to the complaint has been sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court, and either party moves for such dismissal."

[2]Even had the original complaint remained effective, a cross-complaint cannot be legally filed without the filing of an answer to the complaint. Code of Civil Procedure section 442 provides: "Whenever the defendant seeks affirmative relief against any person, whether or not a party to the original action, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto,

properly dismissed pursuant to Code of Civil Procedure section 581, subdivision 1. Accordingly, all the subsequent proceedings were void in that they were beyond the jurisdiction of the court as no action was pending between the parties in Marin County (*Eddings* v. *White,* 229 Cal.App.2d 579, 583 [40 Cal.Rptr. 453]).[3]

In view of this resolution of the case, it is not necessary to discuss any of the remaining contentions on appeal. It follows that the trial court properly dismissed the cross-complaint and quashed the service of summons.

Affirmed.

Shoemaker, P. J., and Agee, J., concurred.

---

or file a notice of motion to strike the whole or any part thereof, as to the original complaint. If any of the parties affected by the cross-complaint have not appeared in the action, a summons upon the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action.''

[3]Code of Civil Procedure section 581d provides, so far as pertinent: ''A written dismissal of an action shall be entered in the clerk's register or in the docket in the justice court, as the case may be, and is effective for all purposes when so entered.''