Filed 6/17/13  Holloway v. Quetel CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PURVIS HOLLOWAY,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>TALIA QUETEL,<br><br>        Defendant and Respondent. | B242809<br><br>(Los Angeles County<br>Super. Ct. No. TC023138) |

        APPEAL from an order of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Reversed.

        Purvis Holloway, in pro. per., for Plaintiff and Appellant.

        No appearance for Defendant and Respondent.

_____

Purvis Holloway, a self-represented litigant, appeals from the trial court's order dismissing his lawsuit against Talia Quetel and Antonio McDaniels for failure to file proofs of service and failure to prosecute. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Holloway, who has been incarcerated at the Soledad Correctional Training Facility throughout these proceedings, filed two complaints on May 6, 2009 in propria persona naming Quetel and McDaniels as defendants: A complaint for property damage on preprinted Judicial Council optional form PLD-PI-001 and a typewritten civil complaint for damages, seeking recovery for unpaid rent and damages to the rental property.[1] Both pleadings were assigned Los Angeles Superior Court case number TC023138.

The form complaint did not attach any of the required separate form causes of action notwithstanding its instruction, "each complaint must have one or more causes of action attached." The typewritten complaint was drafted in a somewhat difficult-to-follow narrative style that included a memorandum of points and authorities with multiple citations to provisions of the Civil Code and copies of numerous letters and photographs attached as exhibits. Nonetheless, on its face the pleading plainly alleged Holloway owns a residential property at 16107 South Pannes Avenue, Compton, where Quetel and her boyfriend McDaniels have lived since sometime in 2001, but no later than January 2003; Quetel has acknowledged her obligation to pay rent, but claimed she paid all sums due to Holloway's sister; Holloway's sister denied receiving any payments; and Holloway unsuccessfully demanded payment in writing from Quetel prior to filing the lawsuit. Holloway also asserted the monthly rent was $500 and claimed, in addition to past due rent, Quetel and McDaniels had disposed of or destroyed various enumerated items of personal property at the residence and caused damage to the outside of the property by failing to pay rent necessary for upkeep and repairs. The complaint contained a demand for judgment in the sum of $36,814, plus $520.83 for each month after the date of filing ($500 per month in rent plus a penalty of $20.83 per month).

---

[1]     Holloway apparently obtained a fee waiver.

On June 26, 2009 Holloway filed a notice of service on respondents indicating personal service of the summons and civil complaint for damages had been completed on Quetel and McDaniels on June 17, 2009 by a Los Angeles County deputy sheriff. Copies of the proofs of service signed by the deputy were attached to the notice. The proofs of service stated Quetel and McDaniels had each been served at 16107 South Pannes Avenue in Compton.

On July 17, 2009 Holloway mailed to the court for filing a request for entry of default based on Quetel's and McDaniels's failure to respond to the complaint within 30 days of the service of summons. He also filed a proof of service stating the request had been served on Quetel and McDaniels at the South Pannes Avenue address. The clerk entered the default as requested on August 7, 2009.

Holloway made several unsuccessful attempts to obtain a default judgment; the documents he filed were rejected for various procedural defects. Then on October 13, 2009 the court on its own motion issued an order to show cause re striking Holloway's complaint pursuant to Code of Civil Procedure section 436, subdivisions (a) and (b), "as the [c]omplaint is insufficient and states no causes of action." On October 29, 2009 the court issued a nunc pro tunc order, clarifying the order to show cause "is not only based on the fact that the form complaint contains no cause of action, but there is an additional document filed the same date entitled 'Civil Complaint for Damages' which does not state any cause of action." The court further notified Holloway its order included an order to show cause why the default entered on August 7, 2009 against Quetel and McDaniels should not be set aside based on the defective complaint.

On December 9, 2009, after receiving additional filings from Holloway, the court struck the two complaints filed on May 6, 2009, explaining, "There can be only one operative complaint and neither complaint states any causes of action." Based on the defective complaint, the defaults against Quetel and McDaniels were set aside. The court rejected Holloway's motion to amend, filed November 16, 2009, because it did not comply with statutory requirements but gave him 20 days to file a proper amended

3

complaint. After several false starts and extensions from the court, on January 21, 2010 Holloway submitted an amended complaint to the court,[2] which repeated verbatim all the material from his original Civil Complaint for Damages and added a "cause of action, intentional tort: submitted in accordance with CRC 1.45(c) [*sic*]," specifically alleging, in part, Holloway is the owner of the Pannes Avenue property; there was an agreement between Quetel and Holloway on or about 2001 for payment of rent and normal upkeep for the property; Quetel and McDaniels occupied the property; and Quetel and McDaniels breached the rental agreement by not paying rent, failing to maintain the property and damaging the interior and exterior of the home. The damage allegations were not modified.

On February 2, 2010 the court issued a minute order, noting the amended complaint had been received on January 21, 2010 and setting for April 12, 2010 an order to show cause hearing regarding failure to file proofs of service of the first amended complaint on all defendants.[3] A copy of the order was sent to Holloway by the clerk of the court on February 2, 2010.

Holloway attempted to serve the amended complaint through the Sheriff's Department, but neither Quetel nor McDaniels could be located. In papers filed with the

_____

[2] Holloway's amended complaint was stamped "filed" on January 21, 2010 but that stamp has been crossed out and a "received" stamp placed on the document. The record before us does not explain why the clerk's office elected to receive rather than file the pleading.

[3] As of February 2, 2010, of course, Holloway had not failed to file proofs of service of his amended complaint within the 60-day period specified in California Rules of Court, rule 3.110. The practice of setting an order to show cause in advance of the deadline for complying with a prescribed time standard as a case management tool—although apparently not uncommon—is improper. (See Cal. Rules of Court, rule 2.30(c) [requiring court in issuing an order to show cause to "state the applicable rule that *has been violated*" and to "describe the specific conduct that appears *to have violated the rule*"; italics added].) Instead, the court could issue an order setting a status conference for a date shortly after the 60-day deadline to ensure the deadline has been met. The notice could also state the conference will be taken off calendar if the proof of service is filed a specified number of court days prior to the date set for the hearing.

court Holloway insisted they were trying to avoid service by concealing themselves from the process server. He sought an order for service by publication. The application for service by publication was denied because Holloway had failed to submit an affidavit demonstrating due diligence in attempting to discover Quetel's and McDaniels's new addresses. The order to show cause hearing, which had been continued from April 12, to May 26, 2010, was reset to June 18, 2010.

A document from the Sheriff's Department dated June 3, 2010 indicated someone else had been living at the South Pannes Avenue address for one month: "Other occupants no longer at address." However, as reflected in a minute order filed June 18, 2010, Holloway apparently had possible new addresses for Quetel and McDaniels. The court directed Holloway to attempt to serve them at those addresses and, if not at either address, to determine if there was a forwarding address for either defendant. The order to show cause hearing was continued again to August 24, 2010. On that date the court denied Holloway's request the court send certified mail to the two addresses and ordered Holloway to attempt again to serve Quetel and McDaniels "with direction for substitute service as appropriate." The court explained it could not act as a party's agent or assist in serving documents.

Following several more continuances, on November 12, 2010 the court signed an application for publication and set a new January 6, 2011 hearing date re order to show cause for failure to file proof of publication of the summons and complaint. At some point a new summons on the amended complaint was issued, and the court signed an amended order of publication, stating "It is up to plaintiff to publish the summons and amended complaint in the Los Angeles Times as stated in the order."

Holloway continued to seek court assistance in serving the amended complaint. His motion to appoint an elisor to facilitate service was denied, as was an earlier request for appointment of an investigator. Holloway also attempted to persuade the Los Angeles Times to honor the court's fee waiver and to publish the summons and amended

5

complaint without charge. When the newspaper declined to do so, Holloway asked the court to pay the publication fee; the court denied that request.

Finally, after several more continuances of the hearing date and after considering various filings by Holloway, none of which included proofs of service, on May 11, 2012 the court dismissed the case without prejudice, citing Code of Civil Procedure sections 583.150, 575.2, 581, subdivision (m); Government Code section 68608, subdivision (b); rule 3.711 of the California Rules of Court, and Los Angeles Superior Court rule 3.25(a)(1).

Holloway filed a timely notice of appeal.

## CONTENTIONS

Holloway contends his original typewritten complaint stated a cause of action and should not have been struck by the trial court. Because that complaint and accompanying summons had been properly served on Quetel and McDaniels, he asserts it was error thereafter to dismiss his action for failure to serve them with the amended complaint.[4]

## DISCUSSION

Generally a plaintiff who has amended a complaint after the trial court sustained a demurrer rather than appeal the trial court's dismissal order forfeits the right to challenge on appeal any error in the trial court's order. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 870; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966, fn. 2.) We decline to apply this usual rule under the peculiar circumstances presented here, not least of which is Holloway's status as an incarcerated self-represented litigant who was unable to appear and have a direct exchange with the court after concerns about his pleadings were identified.[5]

---

[4]    Neither Quetel nor McDaniels has filed a respondent's brief or otherwise participated in this proceeding. Accordingly, we decide the appeal on the record and Holloway's opening brief.

[5]    Although a self-represented litigant is not excused from complying with the rules governing appropriate pleading practice (see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 ["mere self-representation is not a ground for exceptionally lenient

6

As discussed, Quetel and McDaniels did not challenge the sufficiency of Holloway's original complaint. Rather, the court itself raised the issue on its own motion, apparently in the first instance because the form complaint failed to include separate causes of action and because Holloway had filed both the form complaint and a separate typewritten pleading.

It was certainly appropriate for the court to strike the deficient form pleading under Code of Civil Procedure section 436 (court may in its discretion strike (a) irrelevant, false or improper matter inserted in any pleading or (b) all or any part of a pleading not drawn in conformity with the law) because "there can only be *one* complaint in an action." (*Cohen v. Superior Court* (1966) 244 Cal.App.2d 650, 656.) Once having done so, however, there were no longer two complaints on file; and, as described above, Holloway's remaining typewritten complaint for civil damages adequately, if inartfully, alleged the elements of an oral or implied-in-fact contract obligating Quetel and McDaniels to pay rent for their use of the South Pannes Avenue property. (Civ. Code, §§ 1621 ["[a]n implied contract is one, the existence and terms of which are manifested by conduct"], 1622 ["[a]ll contracts may be oral, except such as are specially required by statute to be in writing"]; see *Maglica v. Maglica* (1998) 66 Cal.App.4th 442, 455 ["an implied-in-fact contract entails an actual contract, but one manifested in conduct rather than expressed in words"]; see generally *Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830 [essential elements of a breach of contract claim are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff"]; CACI No. 303 [breach of contract—essential factual elements].)

---

treatment"]), whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. (Cf. *Alshafie v. Lallande* (2009) 171 Cal.App.4th 421, 432 ["we carefully examine a trial court order finally resolving a lawsuit without permitting the case to proceed to a trial on the merits"].)

To be sure, substantial portions of Holloway's complaint may have constituted "irrelevant, false, or improper matter" within the meaning of Code of Civil Procedure section 436, subdivision (a). In addition, Quetel and McDaniels may have had defenses to Holloway's claim for past due rent, or at least to part of it, under the statute of frauds (Civ. Code, § 1624, subd. (a)(3); see *Colbaugh v. Hartline* (1994) 29 Cal.App.4th 1516, 1524 [contract implied-in-fact, like an oral agreement, is subject to the statute of frauds]); the statute of limitations (see Code Civ. Proc., §§ 339 [two-year statute for actions on oral contract], 339.5 [two-year statute for action on breach of unwritten lease]); or through proof of actual payment to Holloway's sister or some other form of offset. But those issues were not properly presented to, let alone resolved by, the court when it acted on its own motion to determine whether Holloway's complaint had been filed in conformity with the law under Code of Civil Procedure section 436, subdivision (b). (See *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1281 ["[I]t is improper for a court to strike a whole cause of action of a pleading under Code of Civil Procedure section 436. . . . Where a whole cause of action is the proper subject of a pleading challenge, the court should sustain a demurrer to the cause of action rather than grant a motion to strike."].)

The consequences of the court's error in striking the complaint were profound. Holloway had properly served both Quetel and McDaniels with a summons and the original complaint. Once he was ordered to file an amended complaint, he was obligated to serve them again to pursue his claim: An amended pleading making substantive changes must be served before the plaintiff may seek a default or default judgment based on that pleading. (*Crestmar Owners Assn. v. Stapakis* (2007) 157 Cal.App.4th 1223, 1230-1231*; Osting v. Loring* (1994) 27 Cal.App.4th 1731, 1743; see *Cohen v. Superior Court, supra,* 244 Cal.App.2d at p. 656 ["the amended complaint, if it is amended in matters of substance as distinguished from matters of form, constitutes a new complaint affecting all of the defendants each of whom, because he is entitled to answer the amended pleading de novo, must be served with a copy of the amended pleading"]; *Leo*

8

*v. Dunlap* (1968) 260 Cal.App.2d 24, 27 ["'where, after the default of a defendant has been entered, a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default'"].)[6]

As described in detail above, the record reflects Holloway's many unsuccessful efforts to serve the first amended complaint. Quetel and McDaniels apparently moved from the South Pannes Avenue property; attempts to locate them to effect substituted service failed; and Holloway's lack of resources prevented him from serving them by publication. None of this should have been required. Because Holloway was entitled to proceed on the basis of his original complaint, which had been properly served, it was error to dismiss the action for failure to serve the amended complaint or for failure to prosecute the action.

## DISPOSITION

The order of dismissal is reversed, and the cause remanded to the trial court with directions to reinstate both Holloway's original complaint, filed May 6, 2009, and the default entered against Quetel and McDaniels on August 7, 2009, and to conduct further proceedings not inconsistent with this opinion. Holloway is to recover his costs on appeal.

PERLUSS, P. J.

We concur:

WOODS, J.                              ZELON, J.

---

[6]     Although Holloway was obligated to serve the amended complaint on Quetel and McDaniels, contrary to what the trial court and Holloway apparently believed, it was not necessary to issue and serve a new summons. (See Code Civ. Proc., § 471.5, subd. (a) [copy of amended complaint must be served on defendants affected by it].)

9