**Advocatess Mariette DO–NGUYEN, Founder & President, Rebuild My Church Divine Mission, Plaintiff,**

v.

**U.S. President Bill CLINTON, U.S. Vice President Al Gore, U.S. Senator Orrin Hatch, U.S. Senator James M. Jeffords, U.S. Senator Jesse Helms, and entity of unknown form; and Does 1 through 99 inclusive, Defendants.**

No. CIV.00CV0267–L(RBB).

United States District Court, S.D. California.

June 1, 2000.

Advocatess Mariette Do–Nguyen, San Diego, CA, pro se.

Robert H. Plaxico, Office of the U.S. Attorney, San Diego, CA, for defendants.

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DENYING PLAINTIFF'S REMAINING MOTIONS AND EX PARTE APPLICATIONS AS MOOT**

LORENZ, District Judge.

This matter comes before the Court on Defendants President Clinton, Vice President Gore, U.S. Attorney General Janet Reno, IRS Commissioner Charles O. Rossoti, IRS Tax Exempt Director Steven T. Miller, and the 98 U.S. Senators' ("Federal Defendants") motion to dismiss and Plaintiff's motion for preliminary injunction. The Court finds this matter suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

### BACKGROUND

On February 8, 2000, Plaintiff, Advocatess Mariette Do–Nguyen, filed this action on behalf of the Almighty God, for the Lord Jesus Returned Mission. The Defendants named in the complaint were President Clinton, Vice President Gore, and United States Senators Orrin Hatch, James M. Jeffords, and Jesse Helms.

On March 15, 2000, Plaintiff filed a First Amended Complaint, naming as defendants President Clinton, Vice President Al Gore, U.S. Attorney General Janet Reno, IRS Commissioner Charles O. Rossoti, IRS Tax Exempt Director Steven T. Miller, Texas Governor George W. Bush,[1] and

---

1. The Court notes that Plaintiff refers to Governor Bush as the "State of Taxes Governor."

98 U.S. Senators.[2] This Complaint alleges that Plaintiff seeks to restore the First Amendment and the citizens' civil right for freedom of religion through tax law and code reform. (First Amended Complaint ("FAC") ¶ 3.) Plaintiff contends that taxpayers' right to freedom of religion is being violated because "[i]nvalid IRS laws [are] acting as Board of Directors for the churches," including 14 rules IRS Branch Director Steven T. Miller has imposed on churches. (FAC ¶¶ 4, 10.) Plaintiff next alleges that unborn children's Ninth Amendment right to life is being violated. (FAC ¶ 5.) Plaintiff further alleges that the Defendants must repair other nations that have been "damaged by the United States involved in wars that were not defense for United States." (FAC ¶ 6.) Plaintiff asserts that President Clinton, Vice President Gore, and 98 U.S. Senators violated voters' right to have "second thought to vote for U.S. President of our choice." (FAC ¶ 7.) In addition, Plaintiff seeks to have the Defendants "[f]eed Americans with supernatural food from the Almighty God and ban all evil supernatural foods through not pass laws of restriction the entertainment and communication business." (FAC ¶ 8.) Finally, Plaintiff alleges the IRS has made its "own rules of continued communication with taxpayer, while taxpayer filed petition in U.S. Tax Court," and that IRS representatives have harassed taxpayers. (FAC ¶¶ 11, 12.)

As her first cause of action, Plaintiff alleges that the President's, Vice President's, and 98 Senators' lack of discernment and responsibility have violated American citizens' right to freedom of religion, unborn children's right to life, and damaged Americans' souls and physical lives. (FAC ¶ 13.) Plaintiff contends these Defendants have ignored the Plaintiff's letters and warnings from the Almighty God over the last four years. (FAC ¶¶ 14, 15.) Plaintiff alleges the Federal Defendants have refused to accept the details of God's creation of man's soul and spirit within the physical body, have murdered more uncounted number of unborn children in violation of the Ninth Amendment, and have allowed abortion for rape and incest. (FAC ¶¶ 16, 17, 18.) Plaintiff further contends that these Defendants have "refused to reform tax codes to restore taxpayers' civil right to freedom of religion," and have "violated U.S. citizens civil right to speech, to search for U.S. President of each choice, freedom of second thought at the voting booths." (FAC ¶¶ 19, 20.) Plaintiff next alleges President Clinton, Senator Hatch, Attorney General Reno, IRS Commissioner Rossoti, and IRS Director Miller have "refused to take actions to restore congregation for freedom of worship and spiritual ministers for freedom of speech by ending invalid IRS laws of acting as Board of Directors for churches." (FAC ¶ 21.) Plaintiff further alleges that the U.S. Attorney General ignored Plaintiff's request to appoint independent counsel for a full investigation of the IRS. (FAC ¶ 22.)

Plaintiff's second cause of action alleges that the Defendants' lack of discernment and responsibility caused "warning of tragedies from the Almighty unto the United States," caused "the devil to blast disasters into the United States," "caused death to American's souls and many physical lives," financial disasters to Americans, and taught American people to disobey the Al-

---

**2.** In this amended pleading, Plaintiff purports to incorporate her entire original complaint into the first amended complaint. An amended pleading, however, supersedes all previous complaints filed or submitted for filing in an action, so all claims not re-alleged in the amended pleading are deemed to have been waived. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). Further, Civil Local Rule 15.1 provides that an amended pleading must be retyped and filed so that it is complete in itself without reference to the superseded pleading. Civ. L. Rule 15.1. Accordingly, Plaintiff's allegation purporting to incorporate her original complaint is ineffective, and the Court will not consider the allegations in her original complaint.

mighty God's commandments and break United States' laws. (FAC ¶¶ 23–27.)

Plaintiff's third cause of action alleges that President Clinton's adultery and lying under oath have destroyed the foundation of family in love and peace and have led this nation to destruction. (FAC ¶¶ 28, 29.) Plaintiff alleges that President Clinton's actions and words regarding education, gun control, and Medicare contradict each other. (FAC ¶¶ 30–32.) Finally, Plaintiff contends that President Clinton is striving to replace God's supernatural healing power with the devil's destruction. (FAC ¶ 33.)

Plaintiff's fourth cause of action is directed towards Governor and Republican Presidential candidate George W. Bush. Plaintiff opposes Governor Bush becoming President of the United States because he is in favor of the death penalty. (FAC ¶¶ 44–46.) Specifically, Plaintiff alleges that "[i]f Governor George W. Bush entered the White House, this nation will receive a lot more tragedies and disasters than now, because he is carrying the spirit of the devil into the White House, and this devil's spirit will be stronger in his mind and actions to lead this nation than as the Governor of Taxes." (FAC ¶ 48.) In addition, Plaintiff contends that unlimited donations and soft money donations are a bribe, because the Governor and other high-ranking officials who receive such money will do favors to their donors. (FAC ¶ 47.)

In the Wherefore section of the First Amended Complaint, Plaintiff requests: (1) the restoration of the United States Constitution and "one set of laws for all;" (2) that IRS representatives cease making their own rules; (3) that when anyone violates the United States Constitution and refuses to correct the violation, that the person be banished from office and pay for punitive damages; (4) that Americans' souls be fed with the Almighty's supernat-

ural food; (5) that all evil supernatural foods be banned; (6) that other nations damaged by the United States be repaired; (7) the Almighty God's commandments be applied to limit shootings; (8) that Governor George W. Bush, and all governors and state and federal congresspersons end death penalties and unlimited and soft money donations; (9) a reformed voting system; (10) that President Clinton resign; and (11) "[i]ndividuals as non-Federal agencies response must be separate from office duties response." (FAC at 8.)

Plaintiff has also filed a motion for a preliminary injunction, and various *ex parte* applications. Plaintiff recently attempted to file a Second Amended Complaint that added a defendant, but this document was rejected because Plaintiff did not obtain leave to amend as required by Federal Rule of Civil Procedure 15. The Federal Defendants have moved to dismiss the First Amended Complaint.

## *DISCUSSION*

### I. Legal Standard Regarding Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [3] tests the sufficiency of the complaint. *See North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *North Star,* 720 F.2d at 580. However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). A court reviewing a motion to dismiss may consider the facts alleged in the complaint, documents attached to the complaint, and matters of which the Court takes judicial notice. *See Hal*

---

**3.** Unless otherwise noted, all future citations to "Rule" shall refer to the Federal Rules of

Civil Procedure.

*Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir.1989)

The Court may dismiss a complaint as a matter of law either for lack of a cognizable legal theory or for the absence of sufficient facts alleged under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). To dismiss with prejudice, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proven. *See Reddy v. Litton Indus.*, 912 F.2d 291, 293 (9th Cir.1990).

## II. *Standing*

The Federal Defendants contend that Plaintiff lacks standing to prosecute this action because she has articulated only a generalized opposition to Defendants' policies regarding abortion, campaign finance, the death penalty, and the IRS. The Court agrees.

■ "The judicial power of the United States defined by Art. III is not an unconditional authority to determine the constitutionality of legislative or executive acts." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Article III confines the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const. art. III. A necessary element of the "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge*, 454 U.S. at 471, 102 S.Ct. 752; *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152 (9th Cir.2000). In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the United States Supreme Court noted that standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130.

This doctrine "'serves to identify those disputes which are appropriately resolved through the judicial process.'" *Clinton v. City of New York*, 524 U.S. 417, 429, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)).

■ The "irreducible constitutional minimum" of Article III standing has three elements. *LSO*, 205 F.3d at 1152 (internal quotations omitted). First, Plaintiff must have suffered "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (internal citations and quotations omitted). Second, Plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.*, "the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Id.* (*quoting Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). Third, it must be "likely," and not merely "speculative," that Plaintiff's injury will be redressed by a favorable decision. *Id.* at 561, 112 S.Ct. 2130. Plaintiff, as the party invoking federal jurisdiction, has the burden of proof and persuasion as to the existence of standing. *Id.*; *LSO, Ltd.*, 205 F.3d at 1152. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice to establish standing. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130.

■ The Federal Defendants correctly point out that Plaintiff's complaint does not satisfy the constitutional requirements of standing. Plaintiff did not file an opposition to the Federal Defendants' motion.[4] But having reviewed the First Amended Complaint, the Court finds that Plaintiff's allegations regarding the Federal Defen-

---

4. The Court notes that Plaintiff's failure to file an opposition to this motion may constitute consent to the granting of this motion under Civil Local Rule 7.1(f)(3)(c).

dants and Governor Bush do not meet the "injury in fact" prong of the standing doctrine. To satisfy this requirement, a plaintiff's injury suffered need not be economic, but it must be "individuated"—*i.e.*, plaintiff is among the injured—and actual or imminent. *Lujan*, 504 U.S. at 563, 112 S.Ct. 2130; *Sierra Club v. Morton*, 405 U.S. 727, 734–35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

With the exception of her allegations referencing her own Tax Court proceedings, Plaintiff does not identify a personal, specific injury she has suffered as a result of the Defendants' actions. Rather, Plaintiff generally bemoans the Defendants' governance and qualifications: The first cause of action faults the President, Vice President, and 98 Senators because of their failings on abortion, gun control, tax reform, and voters' rights. Plaintiff's second cause of action contends the Defendants' lack of discernment and responsibility have caused a variety of disasters to the United States and its citizens. Plaintiff's third cause of action criticizes President Clinton's morality and his policies on education, gun control, and Medicare. Finally, Plaintiff's fourth cause of action alleges that Governor Bush should not become President because he is in favor of the death penalty, and also contends that politicians should not receive unlimited donations or soft money.

■ The Defendants' alleged misdeeds relate to their political views and their alleged failures in governing the United States. Plaintiff's claims, however, do not demonstrate a "distinct and palpable injury" to the Plaintiff. Generalized grievances about government conduct does not confer standing to sue. *Lujan*, 504 U.S. at 573–74, 112 S.Ct. 2130; *Valley Forge*, 454 U.S. at 475, 102 S.Ct. 752; *LSO*, 205 F.3d at 1153. For example, in *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974), plaintiffs claimed that several members of Congress violated the Incompatibility Clause of Article I, § 6 because they were mem-

bers of the Armed Forces Reserve. The Incompatibility Clause bars Congresspersons from "holding any office under the United States." U.S. Const. art. I, § 6, cl. 2. The Court held that plaintiffs lacked standing to sue as citizens. In so holding, the Court stated that "standing to sue may not be predicated upon an interest ... held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Schlesinger*, 418 U.S. at 220, 94 S.Ct. 2925. Such "citizens standing" would run afoul of the requirement that a plaintiff suffer a concrete injury. *See id.* at 220–21, 94 S.Ct. 2925. Further, requiring courts to rule on important constitutional issues in the abstract, "would create the potential for abuse of the judicial process, distort the role of the Judiciary in its relationship to the Executive and Legislature and open the Judiciary to an arguable charge of providing 'government by injunction.'" *Schlesinger*, 418 U.S. at 222, 94 S.Ct. 2925.

Here, Plaintiff's interest that the Defendants properly apply the Constitution and United States laws is an interest shared by all citizens of the United States and as such cannot confer standing. Her allegations amount to abstract complaints about the Defendants' actions, inactions, and beliefs. As evidenced by Plaintiff's prayer for relief, she requests this Court to require the Defendants to act in accordance with Plaintiff's ideological and political views on foreign policy and domestic issues including abortion, the death penalty, campaign financing, and tax laws. Such relief would distort the role of the Judiciary vis-à-vis the executive and legislative branches of government. Simply, Plaintiff's generalized grievances are "abstract questions of wide public significance" that are more appropriately addressed in the representative branches. *See Valley Forge*, 454 U.S. at 475, 102 S.Ct. 752. Moreover, although passionate, Plaintiff's claims relating to abortion, "supernatural foods," voting, campaign financing, tax reform, and Governor Bush's qualifications to serve as

President are ideological, and as such are not an adequate basis for standing to sue in federal court. *See Diamond v. Charles,* 476 U.S. 54, 67, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) ("Article III requires more than a desire to vindicate value interests."); *Planned Parenthood of Wisconsin v. Doyle,* 162 F.3d 463, 465 (7th Cir.1998) ("A purely ideological interest is not an adequate basis for standing to sue in federal court.").

Accordingly, the Court finds that Plaintiff does not have standing to bring this action and that, with the exception of Plaintiff's claims arising from her Tax Court proceedings, this case is hereby DISMISSED as to *all* Defendants.

### III.  *Nonjusticiable Political Question*

■ The Federal Defendants further argue that Plaintiff's complaint has raised issues that are nonjusticiable under the political question doctrine. This doctrine "serves to prevent the federal courts from intruding unduly on certain policy choices and value judgments that are constitutionally committed to Congress or the executive branch." *Koohi v. United States,* 976 F.2d 1328, 1331 (9th Cir.1992). In *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), the Supreme Court announced a series of factors, at least one of which must be present in order to make an issue a non-justiciable political question. Each of these factors relate to the separation of powers, and are:

● A "textually demonstrable constitutional commitment of the issue to a coordinate political department" (*i.e.,* to Congress or the President);

● A "lack of judicially discoverable and manageable standards for resolving the issue";

● The impossibility of deciding the issue without an initial policy determination of a kind clearly for non-judicial discretion;

● The impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government;

● An unusual need for "unquestioning adherence to a political decision already made"; and

● The potential for "embarrassment from multifarious pronouncements by various departments on one question." *Baker,* 369 U.S. at 217, 82 S.Ct. 691.

■ The Court finds that Plaintiff's claim seeking President Clinton to resign as President must be dismissed on the alternative ground that it raises a nonjusticiable political question. Removal of the President from office is an issue that has a "textually demonstrable constitutional commitment" to Congress. U.S. Const. art. I, § 2, cl. 5 (stating that the House of Representatives shall have the sole power of impeachment); U.S. Const. art. I, § 3, cl. 6 (stating that the Senate shall have the sole power to try all impeachments); *see also Nixon v. United States,* 506 U.S. 224, 235, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993) (rejecting judicial involvement in impeachment proceedings because "it would eviscerate the 'important constitutional check' placed on the judiciary by the Framers.") (*citing* The Federalist No. 81, at 545 (Alexander Hamilton) (J. Cooke ed.1961)). Accordingly, Plaintiff's claim seeking the resignation of President Clinton presents a nonjusticiable political question and must be **DISMISSED** on this alternative basis.

### IV.  *Tax Claims*

■ The First Amended Complaint contains allegations challenging Plaintiff's Tax Court proceedings. Defendants contend that this Court is without subject matter jurisdiction to review Plaintiff's tax liabilities. The Court agrees. The Court of Appeals has exclusive jurisdiction over cases seeking review of Tax Court decisions. 26 U.S.C. § 7482(a)(1). Accordingly, Plaintiff's claims arising out of her petitions before the Tax Court are hereby **DISMISSED.**

### V.  *Plaintiff's Motions and Ex Parte Applications.*

In light of the Court's dismissal of Plaintiff's First Amended Complaint, the Court

**1248**

hereby **DENIES** Plaintiff's motion for preliminary injunction and remaining motions and *ex parte* applications as **MOOT.**

### CONCLUSION

Having carefully considered Plaintiff's Complaint, the record, and applicable law, **IT IS HEREBY ORDERED:**

1. Plaintiff's claims arising out of her Tax Court proceedings are **DISMISSED WITHOUT PREJUDICE** to being timely and properly presented to the Court of Appeals.

2. The Federal Defendants' motion to dismiss is **GRANTED,** and Plaintiff's remaining claims are hereby **DISMISSED AS TO ALL DEFENDANTS.** Having carefully considered the First Amended Complaint and applicable law, the Court finds that it appears to a certainty that granting leave to amend would be futile, and accordingly **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE.**

3. The Clerk of the Court is directed to enter judgment in Defendants' favor and to deny as moot all remaining motions and *ex parte* applications [Docket Nos. 4, 19, 21, 26].

**IT IS SO ORDERED.**