**Albert WALKER, Plaintiff,**

v.

**The CITY OF CHARLESTON, West Virginia, a political sub-division of the State of West Virginia, Defendant.**

**No. CIV.A.2:05–CV–00658.**

United States District Court,

S.D. West Virginia,

Charleston Division.

Feb. 2, 2006.

Henry Wood, III, Charleston, WV, for Albert Walker.

Michael D. Mullins, Charleston, WV, for The City of Charleston, West Virginia.

**MEMORANDUM OPINION AND ORDER**

GOODWIN, District Judge.

Pending before the court is the plaintiff's motion to file an amended complaint [Docket 21]. **I GRANT** the plaintiff's motion.

The remaining question before me is whether to allow the plaintiff to incorporate his original complaint into the amended complaint by reference rather than by repleading. For the following reasons, I find that he may not and order him to file an integrated complaint within 10 days.

The majority of courts that have addressed the issue allow a plaintiff to incorporate an original complaint into an amended complaint.[1] A minority of courts

---

1. *E.g., Cincinnati Ins. Co. v. Centech Bldg. Corp.*, 286 F.Supp.2d 669 (M.D.N.C.2003); *Pou v. United States*, 923 F.Supp. 573 (S.D.N.Y.1996); *St. Joseph's Hosp. v. Hosp. Auth. of Am.*, 620 F.Supp. 814 (S.D.Ga.1985); *Cohen v.Super. Ct. of San Francisco*, 244 Cal. App.2d 650, 53 Cal.Rptr. 378 (1966).

have not.[2] The Fourth Circuit Court of Appeals has not addressed the issue in this context.[3]

The courts that allow plaintiffs to incorporate an original complaint into an amended complaint by reference give no explanation for their decisions. Conversely, the courts that refuse to permit incorporation by reference reason that to do so allows confusing piecemeal pleadings. I agree with the minority view. Switching back and forth between the original complaint and the amended complaint to examine a plaintiff's claims should not be necessary. Moreover, the requirement to replead causes virtually no inconvenience. Counsel merely copies and pastes the original complaint into the amended complaint and then files it and serves it electronically. I FIND that when a plaintiff files an amended complaint, the amended complaint cannot incorporate the original complaint by reference.

The plaintiff is **ORDERED** to file an integrated amended complaint with the court within 10 days.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and DIRECTS the Clerk to post this published opinion at *http://www.wvsd.us courts.gov.*

---

**2.** *E.g., Advocatess Mariette Do–Nguyen v. Clinton,* 100 F.Supp.2d 1241 (S.D.Cal.2000).

**3.** In *Young,* the Fourth Circuit held that "it is needlessly formalistic to require a plaintiff to replead claims that are already dismissed without leave to amend in order to preserve the right to appeal the dismissal." *Young v. City of Mount Ranier,* 238 F.3d 567, 572 (4th Cir.2001) (quoting *Crysen/Monenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.),* 226 F.3d 160, 162 (2d Cir.2000)).